FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 19 2021 ★

BROOKLYN OFFICE

August 09, 2021

Delivery via USPS First-Class Mail

The Hon. Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201



RECEIVED
AUG 19 2021
PRO SE OFFICE

Re: United States v. Andre Wilburn, No.: 19-CR-108(MKB)

Dear Chief Judge Brodie,

The defendant, Andre Wilburn, without waiving any other motions, and to be considered in addition to and in connection with his discovery motions, respectfully moves the Court for an Order, pursuant to Rules 6 and 16 of the Federal Rules of Criminal Procedure and the Jury Selection and Service Act (28 USC 1861-1869), permitting him to inspect and copy the entire transcript and minutes of the Grand Jury from indictment returned on February 28, 2019, or in the alternative dismissal of the indictment with prejudice, relating to the following:

I. Unauthorized Person Appearing Before the Grand Jury

1) All instructions, advice, or comments, written or oral, delivered to the grand jury by Special Assistant United States Attorney ("SAUSA") Virginia Nguyen, the lead attorney on the case. All documents, minutes, exhibits, documentary evidence, and transcripts from Grand Jury session while Special Assistant Virginia Nguyen was present. The defendant believes SAUSA assigned to case, and is the Lead Attorney in charge of prosecution of the case, unlawfully appeared on behalf of the 'government prior to taking Oath of Office, or proper filing of letter of authorization/commission, required by both 28 USC 515 and 28 USC 543, ~~gover~~ governing Special Assistants (See Exhibit "A"- Freedom of Information/Privacy Act request) violating Rule 6(d) and 6(e) of the Federal Rules of Criminal Procedure. Defendant also seeks confirmation of SAUSA's admission to the Bar of the Federal Court for the Eastern District of New York.

A) The Executive Office of United States Attorney's has no record of Oath of Office or Confirmation of Jurisdiction of Virginia Nguyen. (see Exhibit "B" FOIPA request number: EOUSA-2021-001391) Title 28 USC 515(b) states "Each attorney specially retained under authority of the Department of Justice shall be commissioned as special assistant to the Attorney General or special attorney, and shall take the oath required by law." Similarly 28 USC 544 governs the Oath of Office for special assistants appointed under 28 USC 543.

B) The SAUSA designation is given to prosecutors who are employed by another agency, such as the Social Security Administration because of their expertise. They are paid by that agency and seconded to the US Attorney's Office for a set period of time. According to Exhibit "B", "Virginia Nguyen is employed by the Social Security Administration and her employment files are in their possession." Oath of Office of commissioned attorney's should be on file with the Executive Office of United States Attorney's, not the Social Security Administration.

C) The Attorney General may commission or delegate person to whom power to make special appointments. A letter of authorization from lawful delegator filed with the courts is required. See Fowler v. Butts, 829 F. 3d 788 (7th Cir. 2016), which notes that a letter of authorization is essential to validity of appointment of special attorney. See United States v. Cruz, 478 F. 2d 408 (5th Cir. 1973), which says commission of special assistant to Attorney General has to be filed in Court.

D) In the United States, passing an additional Bar exam is not required of lawyers authorized to practice in at least one state. To practice in Federal Courts, Lawyers must however, be admitted to the bar of the federal court before they are authorized to practice in that court.

2) Defendant seeks to determine if Virginia Nguyen identified as attorney for the government or "the government" at any time during grand jury proceedings. The defendant seeks to determine if letter of authorization is filed with the Courts,

who designated SAUSA and their title, if Virginia Nguyen has taken the Oath of Office required to officially commence duty, current Bar status, and Bar status at the time of Indictment. See United States v. Weyhrauch, 544 F. 3d 969 (9th Cir 2008), "28 USC 515(a) cannot be read as a blanket authority to substitute just any...attorney into certification role Congress envisioned in 18 USC 3731. So even if SAUSA is commissioned properly, the power to lead the prosecution of cases usurps the function of local United States Attorney. See U.S. v. Weiner, 392 F. supp. 81 (ND Ill 1975) which notes "Attorney's specially appointed do not have power or practical ability to usurp function of local US Attorney..."

3) The defendant seeks to establish:

    A) that the Attorney General could lawfully delegate power conferred upon him by 28 USC 515(a);

    B) that Attorney General had in fact lawfully made assumed lawful delegation;

    C) that person to whom power to make special appointments under 515(a) had been delegated had in fact "specially appointed" Virginia Nguyen in case against defendant' and;

    D) that person to whom power was delegated had in fact in proper-exercise of Attorney General's delegated power and discretion "specially directed" such attorney into conduct proceedings in the Eastern District of New York with intended scope and authority of 515(a).

See United States v. Crispino, 392 F. Supp 764 (SDNY) "Form letter from Assistant Attorney General commissioning special attorney was not sufficiently specific to authorize special attorney to appear before grand jury where letter did not describe type of cases which special attorney was being commissioned to investigate and present to grand juries; if such broad roving commissions were upheld, it would allow special attorneys to supercede local us attorneys and their regular assistants, a result which was never intended by Congress."

II. Selection and Composition of the Grand Jury

1) All records reflecting the methods or procedures by which the indicting grand jury was empaneled is sought by the defendant. Any orders or records reflecting the beginning, end, or extension of the term of the indicting grand jury, or reflecting any substitute grand jurors. All grand jury qualification questionaires. Copies of all jury lists involved in the selection of the grand jury. All JS-12 or AO-12 forms completed by the Clerk of the Court from January 01, 2019 through January 15, 2021. The defendant believes the grand jury has been unlawfully drawn, selected or summoned due in part to the government quickly presenting case to grand jury prior to March 05, 2019 preliminary hearing and indicting defendant nearly two full weeks after the 30-day statutory time following arrest on January 16, 2019. Defendant was indicted on February 28, 2019, violating his Fifth Amendment right to be prosecuted by indictment. Additionally, 18 USC 3161(b) and 18 USC 3162(a)(1) require dismissal of charge that was leveled against defendant in complaint that occasioned his arrest if charge was not contained in indictment that was filed within 30 days of arrest. The defendant seeks evidence of the grand jury being lawfully drawn, selected, and/or summoned.

A) Rule 6(b)(1) of the Federal Rules of Criminal Procedure provides: "a defendant may challenge the grand jury on the ground that it was not lawfully drawn, summoned, or selected and may challenge an individual juror on the ground that the juror is not legally qualified." Such a challenge may be advanced following an indictment.

B) Grounds for disqualification are hardly rare. These include insufficient age, lack of of residency in the district, foreign citizenship, illiteracy and an inability to speak and understand English, mental and physical infirmity, and prior convictions, 28 USC 1865. In addition to individual grand jurors, there are statutory requirements for the random selection of jurors for service. No juror may be excluded for reasons of race, color, religion, sex, national origin, or economic status. See 28 USC 1867(a), which permits the defendant to move to dismiss the indictment prior to jury selection or "within seven days after the

defendant discovered, or could have discovered, by exercise of diligence, the grounds [for dismissal]."

c) Disclosure of records of the jury selection process to a defendant preparing a motion under Rule 6 is required by 28 USC 1867(f), which provides in part that "the parties in such a case be allowed to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of such a motion." Public disclosure is governed by 28 1868, which permits inspection "for the purpose of determining the validity of the selection of any jury" after the jurors no longer appear on the master jury wheel

## III. Witness Testimony

i) All witnesses who testified before the Grand Jury, and whom the Government intends to call as witnesses either at the Suppression Hearing or at the trial of this case. Defendant believes that the pretrial disclosure of Grand Jury testimony will assist the Court in the credibility determination which will arise at the evidentiary hearing on Defendant's Motion to Suppress. See US v. Salsedo, 477 F. Supp. 1235 (ED Cal 1979)

A) Rule 6(e)(C)(i) of the Federal Rules of Criminal Procedure gives the Court the authority to direct disclosure of Grand Jury proceedings "preliminarily to or in connection with a judicial proceeding." Secrecy is not an end in and of itself. "Disclosure, rather than suppression, of relevant materials ordinarily promotes the proper administration of justice." Dennis v. United States, 384 US 855 (1966)

## IV. Vote for Indictment

i) Defendant seeks any and all records reflecting whether a minimum of twelve grand jurors voted to return the February 28, 2019 Indictment. Defendant is entitled to investigate the manner in which the grand jury was composed and is also entitled to know whether a sufficient number of grand jurors voted in favor of returning the indictment and that the foreperson properly recorded ~~and~~ the number of jurors concurring and filed the record with the Clerk of the Court as per Rule (6)(c) of the Federal Rules of Criminal Procedure.

V. Challenge of Foreperson

i) Defendant seeks ~~all records~~ any and all records reflecting the appointment of a grand jury foreperson. Rule 6(c) states "the court will appoint one juror as the foreperson and another as the deputy foreperson... The foreperson may administer oaths and affirmations and will sign all ~~o~~ indictments." The defendant believes the lack of grand jury foreperson signature on either indictment or Superceding Indictment are not ministerial or harmless errors and is direct evidence of improper imponeling of the indicting grand jury.

Based on the preceding, the Defendant respectfully requests the following:

a) That the Court specifically inspect and determine, in camera, whether Defendant is entitled to the requested materials on the grounds set forth in the previous, or on any other legal grounds;

b) That the Court order all requested materials be made available to Defendant in the manner required by law and;

c) That the Court grant dismissal of the indictment with prejudice or any and other and further relief consistent with this letter-motion which may be in the interest of justice.

As previously alluded in March 2019 letter, Defendant is looking forward to promptly going to trial to prove his innocence. And finally, Defendant is unable to serve a copy of this letter-motion upon the government due to only long-hand copying methods being available at MDC Brooklyn at this time. [see Exhibit "C"]

Respectfully submitted,

Andre Wilburn # 73608-298
MDC Brooklyn
Po Box 329002
Brooklyn, NY 11232

# Exhibit "A"

## Freedom of Information / Privacy Act Requests

Exhibit "A" contains **8** pages

FOIA/PA Request                                    May 18, 2021

To Kevin Krebs:

    I am writing to follow up on a request that I submitted requesting FOIA for the Special Assistant United States Attorney listed below. This request is going to be filed under both the freedom of Information Act and the Privacy Act.

    1. Special Assistant United States Attorney
        Virginia Nguyen

    I am again requesting:
    1. Oath of Office
    2. Complaints against aforementioned attorney
    3. Letter of Authorization from Attorney General
    4. Attorney Bar Status
    5. All records pertaining to litigation of self from SD + EDNY
    6. Annual Statistics Report 2020 *
    7. US Attorneys Manual *
    8. US Attorneys Bulletin *
    9. Confirmation of Jurisdiction

    My previous request was mailed on Thursday, February 11, 2021 and I have yet to receive a response. The statute 5 USC 552 (a)(6)(A)(i) denotes that agencies shall "determine within 20 days after the receipt of any such request whether

to comply with such request and shall immediately notify the person making such request... "I am aware that time limits may be extended, but only after notifying me in writing. So with that, I am respectfully requesting the above information for SAUSA Virginia Nguyen. Again, this is a Freedom of Information and a Privacy Act request.

I declare under penalty of perjury that the foregoing is true and correct.

Thank You,
/S/
Andre Wilburn 73608-298
MDC Brooklyn
PO Box 329002
Brooklyn, NY 11232

Freedom of Information Officer
6401 Security Boulevard
G401 WHR
Baltimore, MD 21235

Copy

FOIA/PA request                    June 07, 2021

To whom it may concern:

I am writing to make a Freedom of Information and Privacy Act request for the following Social Security Administration employee ~~attorney prosecutor~~:

1. Virginia Nguyen

I've written to the Executive Office for United States Attorneys to inquire about the Oath of Office for the aforementioned attorney, but there were no responsive records.
① I am requesting the following information:

1. Confirmation of employment by the SSA/Current employment status
2. Oath of Office
3. Confirmation of Jurisdiction-
4. Citizen complaints
5. Initial employment date and title
6. Employment status between 02/19/19 and 02/28/19
7. ~~Current employment status~~ Current title
8. Letter of authorization commissioning duty as SAUSA
9. Attorney Bar status on February 01, 2019
10. Current Attorney Bar status

11. Confirmation of admission to the Bar of the federal court for the EDNY

12. Confirmation of sucessfully passing Bar Exam and year passed

This information is extremely urgent so I expect full compliance with 5 USC §552(a)(6)(A)(i) which denotes that agencies shall reply "within 20 days after the receipt of... request." I am aware that time limits may be extended, but only after notifying me in writing. So with that said, I am respectfully requesting the previously mentioned information for SSA employee Virginia Nguyen.

This is a Freedom of Information and a Privacy Act request.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 07, 2021.

Thank You

/s/

Andre Wilburn 73608-298

MDC Brooklyn

PO Box 329002

Brooklyn NY 11232

Please print or write "Legal Mail - To be opened only in presence of inmate" on the outside of envelope to ensure confidentiality.

FOIA/PA Request                    June 08, 2021

~~Dear Mr. Kevin Krebs:~~

    Thank you for replying to my February 11, 2021 FOIA/ PA request on May 28, 2021 regarding Special Assistant United States Attorney <u>Virginia Nguyen</u>. I am writing to confirm that the Executive Office for United States Attorneys does not have records for SAUSA Virginia Nguyen. More specifically <u>Oath of Office</u> commissioning official duty of the aforementioned attorney. This confirmation is necessary because 28 USC 515(b) specifically notes "each attorney specially retained under authority of the Department of Justice shall be commissioned as special assistant... and shall take the oath required by law." This means that the EOUSA must have records of SAUSA Virginia Nguyen's Oath of Office which authorizes her to legally ~~practice~~ prosecute in the federal court for the Eastern District of New York.

    I am also requesting the departure date of Mr. Richard P. Donoghue from the Department of Justice and Bar status (New York state) in February 2019.

    But getting back to Ms. Nguyen, I am going to write to the SSA to inquire more, so I thank you for providing that information as well. But my current criminal

case rests heavily on confirming that the previously cited Virginia Nguyen has taken the oath required by law in 28 USC 515(b). Additionally, splitting my letter into separate files ("requests") with no approximate fulfillment date is not acceptable since my initial ~~request was~~ took over 3 months to receive a reply. ~~replied to in over 3 months.~~ This offends 5 USC 552(a) (6)(A)(i), since the statutory time for reply is 20 days after receipt. ~~Additionally~~ Legally informing me of my letter being split into separate files is not in compliance with 5 USC 552(a)(6)(A)(i) which says that time limits may only be extended after notifying me in writing.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 08, 2021.

Thank you
/sf

COPY

FOIA/PA Request                    July 18, 2021

To Whom it May Concern:

I am writing to make a Freedom of Information and Privacy Act request for the following Social Security Administration employee:

1. Virginia Nguyen

I've already written to the Executive Office for United States Attorney's to inquire about the Oath of Office for the aforementioned attorney, but there were no ~~re~~responsive FOIPA records. I also wrote to the Freedom of Information Officer of this agency on June 07, 2021, but have yet to receive a reply despite specifically notating 5 USC §552(a)(6)(A)(i) which says that agencies shall reply "within 20 days after the receipt~~s~~ of ... request." There was no written extension sent to me despite me waiting patiently for a reply.

I am again, under FOIPA, requesting the following information of the above named individual [Virginia Nguyen];
1. Confirmation of employment by the SSA ~~(current employment status)~~ ~~title~~
2. Oath of Office
3. Confirmation of Jurisdiction
4. Citizen complaints
5. Initial Employment date
6. Employment status and title between 02/19/19 and 02/28/19

7. Current Employment status / title

8. Letter of Authorization commissioning duty as SAUSA

9. Attorney Bar status on February 01, 2019

10 Current Bar status

11 Confirmation of admission to the Bar of the federal Court for the EDNY

12. Confirmation of successfully passing NYS Bar exam and year passed

This information is extremely important and urgent as it is pivotal in determining a pending criminal case. Please reply as soon as possible nor let me know in writing if a 10-day extension is necessary to successfully fulfill my request for information regarding SSA employee Virginia Nguyen.

This is a Freedom of information and a privacy Act request.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on ~~June 07~~ July 18, 2021.

Thank You
/s/
Andre Wilburn #73108298
MDC Brooklyn
PO Box 329002 Brooklyn NY 11232

# Exhibit "B"

Freedom of Information / Privacy Act request Reply

number: EOUSA-2021-001391

Exhibit "B" contains 2 pages



**U.S. Department of Justice**

Executive Office for United States Attorneys

---

Freedom of Information and Privacy Staff          *Suite 7300, Bicentennial Building*          *(202) 252-6020*
                                                  *600 E Street, NW*                          *FAX (202) 252-6047*
                                                  *Washington, DC 20530*

May 28, 2021

Andre Shawn Wilburn
#73608-298
MDC Brooklyn
P.O. Box 329002
Brooklyn, NY 11232

Re: Request Number:     EOUSA-2021-001391
Date of Receipt:        February 24, 2021
Subject of Request:     Oaths of Office / Confirmation of Jurisdictions/ Citizen complaints
                        for Virginia Nguyen and Richard P. Donoghue

Dear Andre Wilburn:

In response to your Freedom of Information Act and/or Privacy Act request, the
paragraph(s) checked below apply:

[ X ] A search for records located in the Office of Personnel at EOUSA has revealed no
responsive records regarding the above subject. **We have been informed that Richard P.
Donoghue is no longer with the Department of Justice. Virginia Nguyen is employed by the
Social Security Administration (SSA) and her employment files are in their possession. We
have provided the address below if you choose to submit a request to SSA:**

            Freedom of Information Officer
            6401 Security Boulevard
            G401 WHR
            Baltimore, Maryland 21235
            FOIA.Public.Liaison@ssa.gov

[ X ] Please note that your original letter was split into separate files ("requests"), for processing
purposes, based on the nature of what you sought. Each file was given a separate Request
Number (listed below), for which you will receive a separate response:
  • EOUSA-2021-001379
  • EOUSA-2021-001381

This is the final action on this above-numbered request. If you are not satisfied with EOUSA's response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Sixth Floor, 441 G Street, NW, Washington, DC 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

You may contact our FOIA Public Liaison at the telephone number listed above for any further assistance and to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Kevin Krebs
Assistant Director

# Exhibit "C"

A. Complaint regarding denial of access to the courts (an on-going problem)

B. MDC Brooklyn "Law Library" sign up sheet dated "03/31/21" to highlight over 1-year of denial of Access to the Courts

M.R
06/07/21

## ATTEMPT AT INFORMAL RESOLUTION
### (REQUEST FOR ADMINISTRATIVE REMEDY)

The Federal Bureau of Prisons' Program Statement 1330.18, Administrative Remedy Program, dated January 6, 2014, requires inmates attempt to informally present their complaint to a staff member and allow the staff member to attempt to informally resolve any issue prior to the inmate filing a Request for Administrative Remedy, BP-229 (13). If informal resolution is unable to be accomplished, the inmate will be given a BP-229 (13) form.

**TO BE COMPLETED BY INMATE:**
Inmate's Name: _Andre Wilburn_    Reg. No: _73108-298_    Unit: _1-63_

1. Complaint (be specific, if related to UDC appeal, specify relevant section of Inmate Discipline Policy): _Prison rules and staff continue to substantially limit my access to the courts. On 06/16/21 I was denied access to the law library despite signing up in one of the two slots available weekly._

2. What resolution is requested/expected: _This denial was not in the interest of any penological goals. Therefore, I would like to have the opportunity to make copies since I have a Constitutional Right to Access to the Courts._

**TO BE COMPLETED BY STAFF:**

3. Date/Time Complaint Received from Inmate: _____

4. Date/Time Informally discussed with inmate: _____

5. Staff Response: _Spoke to Education Dept and they will make sure you are picked up and able to make your copies._

_____

6. Date Administrative Remedy Provided: _____

7. Informal Resolution was/was not accomplished.

_Andre Wilburn_   73108-298     06/16/2021
Inmate's Signature/Register Number     Date

Education     06-21-2021
Staff Member's Name and Title     Date

_A. Williams_     06-21-2021
Unit Manager's Signature     Date

Given to Unit Team 06-21-2021

Distribution: If the complaint is informally resolved before being receipted, the Correctional Counselors shall maintain the informal resolution form for future reference. **If the complaint is not informally resolved, attach the original informal resolution form to the BP-9, and return them both to unit staff, who will forward to the Administrative Remedy Clerk.**

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Wilburn Andre    T3608-294    1-63    MDC Brooklyn
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A– INMATE REQUEST**

Being denied access to copies, which is only available once a week for 2 inmates who sign up out of 100 on the housing unit even prior to COVID-19, is a Constitutional violation to Access to the Courts and Due Process since my photocopies are for my suppression motion, case map, and nonfrivolous civil litigation. These actions continue to hinder my defense and add to the anxiety of this already oppressive environment. I am requesting not to have my civil, human, and constitutional rights violated.

Reply is untimely due to the inability to submit to appropriate staff.

06/23/21
DATE

_Andre Wilburn_
SIGNATURE OF REQUESTER

**Part B– RESPONSE**

RECEIVED
JUL - 8 2021
BY: BA

_____        _____
DATE                            WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**    CASE NUMBER: 1087165-F1

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
CASE NUMBER: 1087165-F1

**Part C– RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____        _____
DATE                            RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN    ♻ PRINTED ON RECYCLED PAPER    BP–229(13)
APRIL 1982

Remedy Number 1087165-F1
Wilburn, Andre
Reg. No. 73608-298

This is in response to your Request for Administrative Remedy
dated June 23, 2021, wherein you describe being denied access to
copies in the law library. You are requesting "not to have my
civil, human, and constitutional rights violated."

A review into this matter reveals MDC Brooklyn is currently on a
modified schedule. Due to COVID-19 procedures, 6 inmates from
each unit can make law library movement on any given day. Until
pandemic restrictions are lifted, we must enforce strict social
distancing policy. However, after your submission, you were taken
to the law library and were able to make copies.

Based upon the above information, your request for Administrative
Remedy is for informational purposes only.

If dissatisfied with this response, you may appeal to the
Regional Director, Federal Bureau of Prisons, Northeast Regional
Office, U.S. Customs House, 2nd and Chestnut Street, Philadelphia,
PA. 19106. Your appeal must be received in the Regional Office
within 20 calendar days from the date of this response.


_____          _____
Heriberto H. Tellez, Warden                        7-9-2021
                                                     Date

# LAW LIBRARY SIGN-UP SHEET

MDC BROOKLYN
LAW LIBRARY SIGN UP SHEET
DATE: 8/31/21  UNIT 63  TIME 9:30am

Please be advised, every Friday starting April 3rd there will be a law library sign-up sheet available during the modified operation. Only sign up if you have <u>discovery in a locker down in education or a copy card to make legal copies</u>. The dates and times will be on top of the sign-up sheet provided on the unit near the Trulinks computers Movement is based on staffing and security.

The library will be sanitized between all movements in the law library.

## MASKS ARE MANDATORY!
## MAX 4 INMATES TOTAL!
## YOU WILL CLEAN YOUR WORK AREA AFTER EACH USE!

| DISCOVERY COMPUTERS -Up to 4 discovery cases. For discovery stored in education lockers ONLY! | |
|---|---|
| **NAME** | **REGISTRATION NUMBER** |
| 1. | |
| 2. | |
| 3. | |
| 4. | |

| COPIES - Legal work ONLY. Two inmates with a <u>copy card</u> per unit MAXIMUM. | |
|---|---|
| **NAME** | **REGISTRATION NUMBER** |
| 1. *(illegible handwriting)* | *(illegible handwriting)* |
| 2. | |
| 3. | |
| 4. | |

NOTE:
DISCOVERY COMPUTERS ARE AVAILABLE FOR DISCOVERY MATERIAL STORED IN LAW LIBRARY ONLY. COPY CARDS ARE REQUIRED FOR MAKING COPIES.
MOVEMENT IS BASED ON STAFFING AND SECURITY
DISCOVERY & COPIES ONLY

Andre Wilburn #73608-298
MDc Brooklyn
PO Box 329002
Brooklyn, NY 11232



NEW YORK NY

16 AUG 2021 PM

The Hon. Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201



SWSN

SPECIAL MAIL

11201-183299

MÉTROPOLITAN DETENTION CENTER
80 29TH ST, BROOKLYN, NY 11232
The enclosed letter was processed through
mail procedures for forwarding to you.
The letter has neither been opened nor inspected.
If the writer raises a question or a problem over
which this facility has jurisdiction, you may wish
to return the material for further information
or clarification. If the writer encloses correspondence
for forwarding to another addressee, please
return the enclosure to the above address.