*Law Office of*
**SAMUEL GREGORY**
*225 Broadway, Suite 1203*
*New York, New York, 10007*
*Telephone: 718-222-2992*
*Facsimile: 718-222-2889*
*www.samgregory.com*

*Admitted in NY and NJ*

---

**VIA ECF**

The Honorable Chief Judge Margo K. Brodie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                 **Re**: <u>United States v. Wilburn</u>
                    Docket # 19 Cr 108

Dear Judge Brody,

    Please be advised that I represent Andre Wilburn in the above referenced action as appointed counsel under the Criminal Justice Act. Pursuant to this Court's ordered I am responding to the Government's bail letter dated November 5, 2021. Defense counsel submits this letter in reply to the government's respnse to defendant's <u>pro se</u> bail motion dated October 29, 2021. I would, however, ask this Court to strongly consider the issues raised by Mr. Wilburn in his September 29, 2021, motion for a detention hearing.

    Mr. Wilburn believes that there are a set of conditions which will both enable him to work on his case and ensure he returns to Court without posing a danger to the community. Mr. Wilburn recognizes that there is a presumption that no condition or combination of conditions will reasonably Mr. Wilburn's appearance in court and the safety of the community. 18 U.S.C. § 3142(e)(3)(E).

There is no question but that this case involves extremely serious allegations. Child pornography charges carry a heavy sentence when a defendant has been convicted. First, Mr. Wilburn stands before the Court presumed to be innocent. Mr. Wilburn has neither pleaded guilty nor been found guilty by judge or jury. Second, while I am newly appointed to this case and I am still reviewing relevant discovery I had a lengthy conversation with Mr. Darrow, previous counsel for Mr. Wilburn. I was informed by Mr. Darrow that Mr. Wilburn has a viable Fourth Amendment claim with respect to much of the evidence that was allegedly seized from Mr. Wilburn's computer.

Mr. Wilburn evidently has two responsible co-signers. Further, evidently Mr. Wilburn has a safe and secure place in which to reside. Mr. Wilburn agrees to abide by conditions of electronic monitoring and home confinement. With respect to Mr. Wilburn's statement that it would be unrealistic that he does not use the internet, my guess is that he does not believe that he can be realistically prevented from doing necessary research in his own case. I am confident that if this Court were to consider releasing Mr. Wilburn, he would abide by a clear direction not to use the internet.

The foregoing combination of conditions will ensure Mr. Wilburn's appearance in court as well as protect the safety of the community. See 18U.S.C. 3142(c) (judicial officer shall order the defendant's release subject to the least restrictive combination of conditions that will reasonably assure the defendant's appearance and safety to the community).

Thank you for your attention to this application.

Respectfully submitted,

By:   /s/*Samuel Gregory*//
      Law Office of Samuel Gregory

225 Broadway, Suite 1203
New York, New York
Tel: 718-222-2992/718-360-6243
Email: Sam@samgregory.com

*Attorney for Andre Wilburn*

Cc: The Hon. Margo K. Brodie (by ECF)
Clerk of Court (MKB) (by ECF)
Virginia Nguyen for the Government (by ECF)