UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
UNITED STATES OF AMERICA,

   - against -

ANDRE WILBURN,

               Defendant.

---------------------------------------------------------------

**ORDER**
19-CR-108 (MKB)

MARGO K. BRODIE, United States District Judge:

On February 28, 2019, a grand jury returned a two-count indictment against Defendant Andre Wilburn, charging him with sexual exploitation of a child in violation of 18 U.S.C. §§ 2251(a) and 2251(e), and possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). (Indictment ("Ind.") ¶¶ 1–2, Docket Entry No. 8; Criminal Information Sheet, annexed to Ind. as Ex. 1, Docket Entry No. 8-1.) On April 22, 2019, the Government filed a superseding indictment, charging Wilburn with three additional counts of possession of child pornography. (Superseding Ind. ¶¶ 3–5, Docket Entry No. 13.) The Superseding Indictment alleges that on November 6, 2016, Wilburn "did knowingly and intentionally employ, use, persuade, induce, entice and coerce a minor, . . . an individual whose identity is known to the Grand Jury, to engage in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct," with knowledge that such visual depictions would be "transported and transmitted" through interstate commerce. (*Id.* ¶ 1.) In addition, the Superseding Indictment charges Wilburn with four counts of possession of child pornography, alleging that on or about September 6, 2018, Wilburn "did knowingly and intentionally possess matter which contained one or more visual depictions" that had been

transported through interstate commerce, "involv[ing] the use of one or more minors engaging in sexually explicit conduct, and such visual depictions were of such conduct." (*Id.* ¶¶ 2–5.)

Currently before the Court are Wilburn's *pro se* motions (1) asserting his right to speedy trial; (2) objecting to the continuance granted on November 10, 2021, until January 21, 2022, (*see* Letter dated Nov. 28, 2021, Docket Entry No. 56); and (3) for bail pursuant to 18 U.S.C. § 3164, (Def.'s Third Mot. for Release on Bail, Docket Entry No. 58). For the following reasons, the Court denies Wilburn's *pro se* motions without prejudice to later presentation through counsel.

**I. Background**

Wilburn was arrested on January 16, 2019, and indicted on February 28, 2019, for sexual exploitation of a child and possession of child pornography in violation of 18 U.S.C. §§ 2251(a), 2251(e), 2252(a)(4)(B), and 2252(b)(2). (Order of Detention, Docket Entry No. 6; Ind. ¶¶ 1–2.) The Government filed the Superseding Indictment on April 22, 2019, (Superseding Ind.), and on April 23, 2019, Wilburn entered a plea of not guilty, (Min. Entry dated Apr. 23, 2019). On April 23, 2020, Judge Roanne L. Mann held a detention hearing, during which defense counsel presented a bail package with two sureties. (Min. Entry dated Apr. 23, 2020, Docket Entry No. 19.) The Government opposed Wilburn's bail application and Judge Mann denied Wilburn's motion. (*Id.*)

On September 29, 2021, Wilburn, proceeding *pro se*,[1] renewed his bail application, (*see* Def.'s Second Mot. for Release on Bail, Docket Entry No. 48), and following a hearing on

---

[1] Samuel Gregory was appointed as CJA counsel on October 6, 2021, (*see* Order dated Oct. 6, 2021, Docket Entry No. 50), and adopted Wilburn's second motion for release on bail on November 8, 2021, (*see* Reply to Gov't Opp'n to Def.'s Second Mot. for Release on Bail, Docket Entry No. 54).

November 10, 2021, the Court denied his motion with leave to renew, (Min. Entry dated Nov. 10, 2021). In addition, the Court granted an adjournment until January 21, 2022, to allow Wilburn's newly appointed counsel sufficient time to familiarize himself with the case. (*Id.*) On December 1, 2021, Wilburn filed a *pro se* motion asserting his right to speedy trial and objecting to the November 10, 2021 continuance. (*See* Letter dated Nov. 28, 2021.) On December 3, 2021, the Court directed defense counsel to notify the Court whether he adopted Wilburn's objection. (Order dated Dec. 3, 2021.) On December 8, 2021, defense counsel responded to the Court's order, indicating that he did not join in Wilburn's objection to the adjournment as he "need[ed] the time to review the discovery and communicate with [Wilburn]." (Letter dated Dec. 8, 2021, Docket Entry No. 57.) In addition, defense counsel requested that he "not be required to respond to motions made by [Wilburn] in the future" as he is "spending considerable time and resources responding to various motions and appeals made by [Wilburn] which were made by him without [defense counsel's] knowledge or input." (*Id.*)

On December 6, 2021, Wilburn, proceeding *pro se*, renewed his motion for bail arguing that he has been detained for 1,077 days "solely because he is awaiting trial," in violation of 18 U.S.C. § 3164. (Def.'s Third Mot. for Release on Bail 1.) On December 13, 2021, Wilburn again moved to assert his right to speedy trial, arguing that "his pretrial detention is severely prejudicing his defense." (Letter dated Dec. 6, 2021, at 1, 4, Docket Entry No. 59.) In addition, Wilburn expresses dissatisfaction with defense counsel's representation because defense counsel (1) exhibits unprofessional and intentionally antagonistic conduct and (2) refuses to assist in drafting speedy trial and suppression motions. (*See id.* at 1–2.) Defense counsel has not adopted or otherwise responded to Wilburn's *pro se* motions.

## II. Discussion

The law is well established that an individual may not simultaneously exercise his constitutional right to appear *pro se* and the right to appointed counsel. *United States v. Bloom*, 366 F. App'x 285, 290 n.4 (2d Cir. 2021) ("There is certainly a right to appear *pro se*, as well as a right to appointed counsel. Obviously, however, those rights cannot be both exercised at the same time." (quoting *Ennis v. LeFevre*, 560 F.2d 1072, 1075 (2d Cir. 1977)); *see also United States v. Rivernider*, 828 F.3d 91, 108 (2d Cir. 2016) (noting that a "defendant has a right either to counsel or to proceed pro se, but has no right to 'hybrid' representation, in which he is represented by counsel from time to time, but may slip into pro se mode for selected presentations" (citation omitted) (first quoting *Faretta v. California*, 422 U.S. 806, 834 (1975); and then citing *Clark v. Perez*, 510 F.3d 382, 395 (2d Cir. 2008))); *United States v. Crozier*, 640 F. App'x 100, 102 (2d Cir. 2016) ("[A] criminal defendant has no constitutional or statutory right to represent himself as co-counsel with his own attorney." (quoting *United States v. Tutino*, 883 F.2d 1125, 1141 (2d Cir. 1989))).

"The decision to grant or deny 'hybrid representation' lies solely within the discretion of the trial court." *Tutino*, 883 F.2d at 1141 (quoting *O'Reilly v. N.Y. Times Co.*, 692 F.2d 863, 869 (2d Cir. 1982)). Absent a "compelling reason" or a showing that "the interests of justice [would be] served by a defendant's supplementation of the legal services provided by his retained counsel," the trial court need not permit hybrid representation. *United States v. Reed*, No. 13-CR-6172, 2014 WL 3534011, at *7 (W.D.N.Y. July 14, 2014) (alteration in original) (first quoting *Tutino*, 883 F.2d at 1141; and then quoting *United States v. Swinton*, 400 F. Supp. 805, 806 (S.D.N.Y. 1975)), *report and recommendation adopted*, 2014 WL 4425795 (S.D.N.Y. Sept. 9, 2014).

4

Wilburn has presented no "compelling reason" for the Court to permit "hybrid representation" and the Court therefore declines to consider Wilburn's pending *pro se* motions without prejudice to later presentation through counsel. *Tutino*, 883 F.2d at 1141; *see also United States v. Wolfish*, 525 F.2d 457, 463 (2d Cir. 1975) (per curiam) (finding that the defendant "had an experienced counsel and, so long as he retained him, he could not appear *pro se*"). The law is well settled that counsel's representation is not rendered ineffective merely because the defendant disagrees with counsel on litigation strategy. *See Rivernider*, 828 F.3d at 108 (noting that "it is well settled that a defendant may not disrupt proceedings by demanding new counsel whenever he differs from his lawyer's strategic, legal, or ethical judgments about how to conduct a case"); *Smith v. Superintendent, Cayuga Corr. Facility*, No. 18-CV-160, 2020 WL 8474766, at *8 (N.D.N.Y. Sept. 17, 2020) ("The mere fact that a defendant's preferred litigation strategy differs from that of his counsel's does not make counsel's representation ineffective." (citing *United States v. Sandford*, 342 F. Supp. 3d 333, 336 (W.D.N.Y. 2018))), *report and recommendation adopted*, 2021 WL 193957 (N.D.N.Y. Jan. 20, 2021).

Therefore, the Court declines to exercise its discretion to permit hybrid representation and denies without prejudice to later presentation through counsel Wilburn's *pro se* motions: (1) asserting his right to speedy trial; (2) objecting to the continuance granted on November 10, 2021 until January 21, 2022; and (3) for bail pursuant to 18 U.S.C. § 3164.

Dated: December 30, 2021
     Brooklyn, New York

                        SO ORDERED:

                          s/ MKB
                        MARGO K. BRODIE
                        United States District Judge