FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 23 2022 ★

BROOKLYN OFFICE

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

Docket Number(s): 19-CR-108

Motion for: Writ of Mandamus, FRAP 21(a)

Caption [use short title]

Andre Wilburn,   petitioner

against

United States of America,   respondent

RECEIVED
MAY 23 2022
PRO SE OFFICE

Set forth below precise, complete statement of relief sought:

Order remanding petitioners pro se Sixth Amendment Constitutional Speedy Trial Clause motion and statutory Speedy Trial Act motion to the district court for proper review and adjudication on the merits.

MOVING PARTY: Andre Wilburn

OPPOSING PARTY: United States of America

☐ Plaintiff        ☐ Defendant
☑ Appellant/Petitioner   ☐ Appellee/Respondent

MOVING ATTORNEY: _____

OPPOSING ATTORNEY: Eric Silverberg

[name of attorney, with firm, address, phone number and e-mail]

US Attorney's Office - Eastern District of New York

271A Cadman Plaza East

Brooklyn, NY 11201

Court- Judge/ Agency appealed from: Margo K Brodie - Eastern District of New York

Please check appropriate boxes:

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes   ☐ No (explain): _____

Opposing counsel's position on motion:
☐ Unopposed   ☐ Opposed   ☑ Don't Know
Does opposing counsel intend to file a response:
☐ Yes   ☐ No   ☑ Don't Know

FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:
Has this request for relief been made below?   ☐ Yes  ☑ No
Has this relief been previously sought in this court?   ☐ Yes  ☑ No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested?   ☐ Yes  ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes  ☑ No  If yes, enter date: _____

Signature of Moving Attorney:

_____ Date: 05/18/22   Service by: ☐ CM/ECF   ☑ Other [Attach proof of service]

Form T-1080 (rev.12-13)

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

_Andre Wilburn, petitioner_

v.

_United States of America, respondent_

**CERTIFICATE OF SERVICE\***

Docket Number: _19-CR-108_

I, _Andre Wilburn_, hereby certify under penalty of perjury that
(print name)

on _____, I served a copy of _Writ of mandamus, Information sheet,_
(date)

_and Exhibits A-iz_

(list all documents)

by (select all applicable)\*\*

___ Personal Delivery      ✓ United States Mail      ___ Federal Express or other Overnight Courier

___ Commercial Carrier      ___ E-Mail (on consent)

on the following parties:

| _Moran K. Brodie_ | _225 Cadman Plaza East_ | _Brooklyn_ | _NY_ | _11201_ |
|---|---|---|---|---|
| Name | Address | City | State | Zip Code |
| _Eric Silverberg_ | _271-A Cadman Plaza East_ | _Brooklyn_ | _NY_ | _11201_ |
| Name | Address | City | State | Zip Code |
| | | | | |
| Name | Address | City | State | Zip Code |
| | | | | |
| Name | Address | City | State | Zip Code |

\*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding.  The Court will reject papers for filing if a certificate of service is not simultaneously filed.

\*\*If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

_05/18/22_
Today's Date

_Andre W___
Signature

Certificate of Service Form (Last Revised 12/2015)

TRULINCS 73608298 - WILBURN, ANDRE SHAWN - Unit: BRO-I-A

---------------------------------------------------------------------------------

FROM: 73608298
TO: Gregory, Sam; W Ny, L
SUBJECT: Mandamus - Speedy Trial - Part 1
DATE: 03/23/2022 10:31:09 AM

*Docket 93*

March 23, 2022

Delivery via United States Mail

The Honorable Margo K. Brodie
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

in re: Andre Wilburn

The petitioner, Andre Wilburn, for the purpose of protecting and enforcing his rights, seeks emergency relief from the Second Circuit Court of Appeals, in the form of a writ of mandamus pursuant to Rule 21 of the Federal Rules of Appellate Procedure, 28 USC 3161, and 28 USC 1651(a), for an order remanding his pro se Constitutional and statutory speedy trial motions to the district court for proper review and adjudication.

The All Writs Act, 28 USC 1651(a), confers the power of mandamus on federal appellate courts. LaBuy v. Howes Leather Co., 352 US 249 (1957). Mandamus is an extraordinary remedy, which should only be used in exceptional circumstances of peculiar emergency or importance. Id. Mandamus does not supersede other remedies, it only comes into play when there is a want of such remedies. see Crawford v. Cushman, 531 F. 2d 1113, 1126 (2d Cir. 1976) (citing Carter v. Seamans, 411 F. 2d 767 (5th Cir 1969) cert denied, 397 US 941 (1970)). The remedy of mandamus is "traditionally... used in the federal courts only to 'confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is duty to do so.'" Will v. United States, 389 US 90, 95 (1967) (quoting Roche v. Evaporated Milk Ass'n, 319 US 21, 26 (1943)). The Court of Appeals may issue a writ of mandamus only if: (1) the petitioner has "no other adequate means to attain relief he desires," (2) the petitioners "right to issuance of the writ is clear and indisputable," and (3) the Court of Appeals is "satisfied that the writ is appropriate under the circumstances." Cheney v. US Dist. Ct., 542 US 367, 380-81 (2004) (internal quotation marks omitted); see also United States v. Manzano (In re United States), 945 F. 3d 616, 623 (2d Cir. 2019). The petitioner describes why the criteria for met in this case below.

1. Petitioner has No Other Adequate Means to Attain Relief

In this case, the district court denied both the petitioner's pro se Constitutional Speedy Trial Clause motion, US Const. Amend. VI.; Docket Entry 61, and pro se statutory Speedy Trial Act Motion, 18 USC 3161-3174; Docket Entry 61, due to 'the court declin[ing] to exercise its discretion to permit hybrid representation." Docket Entry 60. The petitioner continues to suffer irreparable harm due to his "permanent detention" at MDC Brooklyn. see Transcript of Minute Entry Dated 02/19/2019. On November 10, 2021, at a status conference, the petitioner advised the district court that his legal material had been discarded in May 2020 and June 2021 searches. see Transcript of 11/20/2021 status hearing at 5. On January 26, 2022, at a status hearing, the petitioner advised the district court of more recent cell searches on December 22, 2021 and January 02,2022, that resulted in MDC Brooklyn staff discarding more of the petitioner's written legal materials and books. See Docket Entry Dated 01/26/2022. The petitioner's defense was substantially prejudiced and irreparably harmed because his privileged legal material was discarded due to his lengthy pretrial incarceration, a consequence of multiple speedy trial violations.

A speedy trial would have allowed the petitioner to have a meaningful, unhindered, contribution to his own defense. Instead, due to several speedy trial violations, the petitioner has been unable to inspect the discovery in his case, Order Dated 01/24/2022; Docket Entry 85, substantially prejudicing his defense. Moreover, the district court improperly denied the petitioner's numerous speedy trial assertions. Orders Dated 12/30/2021, 02/17/2022, and 03/14/2022; Docket Entry 84; United States v. Tigano, F. 3d 602 (2d Cir. 2018) (citing in footnote United States v. Hall, 181 F. 3d 1057, 1060-61 (9th Cir. 1999) ("[W]hen defense counsel does not assert his clients right to a speedy trial, a defendant may alert the court directly of his desire to not waive these rights.")). This combined with the undue influence from the district court and counsel for the petitioner to proceed pro se, that is without the assistance of counsel, in order to have his speedy trial motions reviewed by the district court means the petitioner has no adequate legal remedy aside from mandamus to have his Constitutional and statutory speedy trial rights protected and enforced by the district court by properly reviewing his pro se motions. Cheney, 542 US at 380. Because

TRULINCS 73608298 - WILBURN, ANDRE SHAWN - Unit: BRO-I-A

---------------------------------------------------------------------------

(4th Ed., 2015). Padilla v. Kentucky, 130 S. Ct. 1473, 1483 (2010) (Defense attorney['s] duty... "to give correct advice is... clear.")

The objection to the district court's judgment is not that it erred on the merits, but that by denying the petitioner's pro se motions, unless presented by counsel who has been taciturn since March 07, 2022 and aware of the defendant's motions, the district court failed to protect the petitioners Constitutional and statutory right to a speedy trial. Thereby failing to" ensur[e]... that the legal proceedings appear fair to all who observe." United States v. Finkelstein, 2021 US Dist. LEXIS 116661 (SDNY June 22, 2021) (quoting Wheat v. United States, 486 US 152, 160 (1988)).

This decision ensured that the petitioner would continue to be denied fundamental, statutory, and Constitutional rights; it also subjected the petitioner to an additional burden resulting from the district court's Order's Dated December 30, 2021 and March 14, 2022. Rather than "prevent.... any further perpetration of injury" pending adjudication on the merits, Benson, 168 F. 2d at 696, the district court ensured that the petitioner would remain injured by the district court's orders preventing his non-frivolous pro se supplementation to appointed counsel's representation, when counsel refused to protect these rights himself. Absent a "compelling reason" or a showing that "the interest of justice would be served by a petitioner's supplementation of the legal services provided by his retained counsel," the district court need not permit hybrid representation. United States v. Reed, No 13-CR-6172, 2014 US Dist. LEXIS 96793 (WDNY July 14, 2014).

TRULINCS 73608298 - WILBURN, ANDRE SHAWN - Unit: BRO-I-A

---------------------------------------------------------------------------------

FROM: 73608298
TO: Gregory, Sam; W Ny, L
SUBJECT: Mandamus - Speedy Trial - Part 2
DATE: 03/23/2022 10:31:12 AM


3. Satisfying the Court of Appeals that the Writ is Appropriate

The petitioner, based on the foregoing, is able to satisfy the Court that the "write is appropriate under the circumstances." Cheney, 542 US at 381. The petitioner has been in pre-trial detention since January 15, 2019, well over three years. The defendant's case has been irreparably harmed by his extraordinary detention that has deprived him of fundamental, Constitutional, and statutory speedy trial rights as a result of the December 30, 2021 and March 14, 2022 Orders, and denial of the petitioner's assertion of his Sixth Amendment speedy trial rights, from the district court. Subsequently, the petitioner was not afforded the opportunity to attain relief based on the numerous speedy trial violations unless counsel presented the pro se motions. The petitioner has been unable to communicate with his trial counsel since March 07, 2022, "foreclos[ing the availability of that] relief," Manzano, 945 F. 3d 623 (citing Kerr v. US Dist. Ct., 426 US at 406 (1976)). And, on more than one occasion, the petitioner has written to the district court to allow supplemental representation to protect and enforce his fundamental, Constitutional, and statutory rights. Docket Entries 76 and 86.

For these reasons and in the interest of justice, the petitioner's writ of mandamus should be granted by the Second Circuit Court of Appeals.

I affirm under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on March 23, 2022.

Respectfully submitted,

-

Andre Wilburn #73608-298
MDC Brooklyn
PO Box 329002
Brooklyn NY, 11232

-

Certificate of Service

-

I hereby certify that I have on this 23rd day of March, 2022 served a copy of the foregoing writ of mandamus upon counsel for the government Robert Polemeni, by United States Mail, first-class postage paid.


CC: Linda Wilburn via Trulincs email
CC: Samuel Gregory via Trulincs email

# Exhibit C

February 19, 2019 transcript

Appointed counsel "consent[ing]" to permanent detention

before the Court or prosecutor mentioned bail

TRULINCS 73608298 - WILBURN, ANDRE SHAWN - Unit: BRO-I-A

---------------------------------------------------------------------------

FROM:
TO: 73608298
SUBJECT: Eight
DATE: 03/18/2022 04:21:04 PM

D 83

EASTERN DISTRICT OF NEW YORK (BROOKLYN)
UNITED STATES OF AMERICA,
Plaintiff,
v.
ANDRE WILBURN,
Defendant.
Case No. 1:19-cr-00108-MKB-1

Brooklyn, New York
February 19, 2019
3:53 p.m.
TRANSCRIPT OF INITIAL APPEARANCE HEARING
BEFORE THE HONORABLE PEGGY KUO
UNITED STATES MAGISTRATE JUDGE
APPEARANCES:
For the Plaintiff: Virginia Nguyen, Esq.
United States Attorney's Office
271 Cadman Plaza East
Brooklyn, NY 11201
For the Defendant: James Darrow, Esq.
Federal Defenders of New York
One Pierrepont Plaza
16th floor
Brooklyn, NY 11201
Clerk: Felix Chin
Court Recorder: Electronic Sound Recording
Transcription Service: Chris Hwang
Abba Reporting
PO Box 223282
Chantilly, Virginia 20153
(518) 302-6772
Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

(Call to order at 3:53 p.m.)
THE BAILIFF: Criminal cause for the arraignment
docket, 19-147M and 18-837M, USA v. Andre Wilburn.
Counsel, please state your name for the record?
MS. NGUYEN: Virginia Nguyen on behalf of the
Government. Good afternoon.
MR. DARROW: For Mr. Wilburn, James Darrow, Federal
Defenders of New York. And Mr. Wilburn's present to my left.
THE COURT: All right.. Mr. Wilburn, the purpose of
this proceeding is to make sure you understand your rights and
what you're being charged with.
You have the right to remain silent. You're not
required to make any statements. If you've made any statements
in the past, you don't have to make any more statements.
If in the future you start to make a statement, you
can stop at any time. If you do make any statements, they can
be used against you. You also have the right to an attorney.
If you can't afford one, one will be appointed for you.
Well, I see that you've submitted a financial
affidavit and I find that you're eligible to have appointed

TRULINCS 73608298 - WILBURN, ANDRE SHAWN - Unit: BRO-I-A

-------------------------------------------------------------------------------------------

counsel. Do you want to have the Federal Defenders appointed
to represent you?
THE DEFENDANT: Yes, Your Honor.
THE COURT: All right. I'll make that appointment.
All right, if -- you have been charged in two separate

*Reviewed by AN*

complaints, one with             .         , and the
other with Conspiracy to Commit Access Device Fraud. Have you
received copies of those Complaints?
THE DEFENDANT: Yes, Your Honor.
THE COURT: And did you have a chance to talk with
Mr. Darrow about them?
THE DEFENDANT: Yes.
THE COURT: Do you understand what you're being
charged with?
THE DEFENDANT: Yes.
THE COURT: All right. Mr. Darrow, what do you wish
to do here?
MR. DARROW: Your Honor, as to a preliminary hearing,
we would request one.
THE COURT: All right.
THE BAILIFF: March 5th at 11:00 a.m.
MR. DARROW: And as to bail, Your Honor, we have no
package to present at this time. So I'd consent to a permanent
order of detention with leave to re-open should it come to
that.
THE COURT: All right.
Ms. Nguyen?
MS. NGUYEN: And the Government is requesting a
permanent order of detention so --
THE COURT: Okay

MS. NGUYEN: -- we have no objection.
THE COURT: Great, is there any issue of inventory or
consular notification?
MR. DARROW: No, Your Honor. My client was arrested
out of state and I don't believe it a consulary issue.
MS. NGUYEN: No, I believe Mr. Wilburn's a U.S.
citizen.
THE COURT: All right, thank you.
Is there anything further?
MR.. DARROW: Not from the Defense. Thank you, Your
Honor.
MS. NGUYEN: Nothing, Your Honor.
THE COURT: All right, thank you very much.
MS. NGUYEN: Thank you.
(Proceedings concluded at 3:56 p.m.)

I, Chris Hwang, court approved transcriber, certify
that the foregoing is a correct transcript from the official
electronic sound recording of the proceedings in the aboveentitled
matter.
_____ March 14, 2022
Chris Hwang Date
Transcriber

# Exhibit D

November 10, 2021 transcript. Page 5 is encircled.

TRULINCS  73608298 - WILBURN, ANDRE SHAWN - Unit: BRO-I-A

--------------------------------------------------------------------------------------------
--------------------------------------------------------------------------------------------

THE COURT: Good morning Ms. Nguyen.
MR. GREGORY: And Samuel Gregory for Mr. Wilburn..
Good morning, everyone.
THE COURT: Good morning, Mr. Gregory.
And Mr. Wilburn are you on the line?
THE DEFENDANT: Yes, Mr. Wilburn here.

THE COURT: Good morning, Mr. Wilburn. This matter
is on for a few things. First, I will get a status update
from the Government and also get one from Mr. Gregory and then
I will turn to the motions that are pending before the Court.
MS. NGUYEN: Your Honor, this is Virginia Nguyen
speaking. I had an opportunity to confer with Mr. Gregory who
was relatively recently appointed. An I understand, he is
still in the process of familiarizing himself in the case and
there may be a suppression motion to be filed and we are
awaiting that decision before we can proceed to next steps.
THE COURT: Okay, Mr. Gregory?
MR. GREGORY: Judge, everything that Ms. Nguyen says
is accurate. I was on trial until last Friday so, admittedly,
I have not had a chance to really appropriately confer with
Mr. Wilburn, nor go through all the discovery. I did go
through quite a bit of it. Mr. Santiago turned over all
the -- I think all the discovery he had, some of which I had
some problems opening but I will figure that out and I spent
considerable time before the trial started and then yesterday
I went through some of the material and hopefully I can fully
familiarize myself with the material within a couple of weeks
and I'm going to see Mr. Wilburn as soon as possible,
preferably next wee or the week after.
THE COURT: Okay. And are you ready to proceed with
the motions that Mr. Wilburn filed today?

MR. GREGORY: You mean the bail motion?
THE COURT: Yes.
MR. GREGORY: Yes.
THE COURT: Okay. So would you like to be heard or
are you allowing your counsel to speak on his own behalf?
MR. GREGORY: Your Honor, I think he did a more than
sufficient bail motion. I was on the phone with him I am
happy to have Mr. Wilburn address it or I can address it if
you like.
THE COURT: It's totally up to you and your client.
MR. GREGORY: Mr. Wilburn, do you want to address
the bail matter?
THE DEFENDANT: Yes Mr. Gregory.
MR. GREGORY: Thank you, sir, go ahead.
THE DEFENDANT: There are several issues that are
extremely prejudicial in regards to being able to properly
defend myself at MDC Brooklyn and these are not all
COVID-19-related issues. In fact, many of the points that I
raise were after and before COVID-19 was really affecting the
institution.
THE COURT: Let me stop you there for a minute,
Mr. Wilburn. Are you addressing the deficiency that you
raised in your papers with regard to religious freedom, food
shortage, lack of showers, denial of law library access and
pepper spray as well as discarding of legal documents? Is

TRULINCS  73608298 - WILBURN, ANDRE SHAWN - Unit: BRO-I-A

-----------------------------------------------------------------------------

that what you're referring to?
THE DEFENDANT: Yes. The deficiencies at the
institution prejudiced my defense by discarding my legal
material in the midst of me researching all of this on my own.
THE COURT: Okay. Have you been able to reobtain
your legal materials?
THE DEFENDANT: I haven't. These were books and
printouts and, like, my research was not something that was
just like I could -- it was many months in the making. It's
not like something that was just like I just acquired it. I
had many books. I have some books back, but generally
speaking I was extremely hindered in my defense just by --
there was two actions; one in May of 2020 and one in June of
2021 in which my legal material was discarded... So I was
hindered twice right after I was building back to where I was
a similar situation occurred again.
THE COURT: Okay.. So, in terms of -- what relief
are you seeking from the Court because as you are aware,
Mr. Wilburn, to the extent that you are challenging certain
actions that take place at the facility, you are required to
go through an administrative process. I understand you are
raising this in the context of you not being able to defend
yourself. There is no trial date as of yet. Your attorney is
looking to make motions on your behalf, as I understand it,
and, so, while it's regrettable that this happened, you do

have the time to conduct your research and to present whatever
defense you believe is appropriate to the Court.
Are you asking for some other relief?
THE DEFENDANT: Your Honor, under the time that I
have is extremely hindered and limited based on things that I
have no control over.
THE COURT: I appreciate that and I appreciate the
fact that there are ongoing problems for every inmate at the
facility at this time that; in fact, because of the COVID-19
restrictions, there has been restrictions placed on the time
period that every inmate can have access to the law library.
I am aware of the fact that that recently has changed in that
inmates have more access to the law library than they did a
few weeks ago. And so, again, as I said, you do still have
time to try to conduct the research that you believe is
necessary to defend your case here.
THE DEFENDANT: Okay, Your Honor.
THE COURT: Would you like to be heard on your bail
application?
THE DEFENDANT: Yes, please.
THE COURT: Okay. Go ahead, Mr. Wilburn. And I
know you are familiar with the four factors that the Court has
to take into account in terms of deciding whether or not to
grant you bail, the nature and circumstances of the crime
charged, the weight of the evidence against you, your history

and characteristics including family ties, employment,
community ties and the nature and seriousness of any danger
that you pose to the community if released.
Those are the four factors that I have to consider
if you would like to address them, Mr. Wilburn.
THE DEFENDANT: Yes. In regards to the nature and
seriousness of the charges, I can't -- there is no way to say

TRULINCS  73608298 - WILBURN, ANDRE SHAWN - Unit: BRO-I-A

---------------------------------------------------------------------------------------

that these charges aren't serious and so that one is
definitely, a definitely serious charge. These allegations
are serious.
THE COURT: Right, so that one doesn't weigh in your
favor. So how about the weight of the evidence against you?
THE DEFENDANT: The weight of the evidence are
photos from what I hear that are supposed to be me. I have no
way of seeing this evidence. I have no way of inspecting any
of this evidence. In all of this time I was unable to see any
of this evidence myself.
THE COURT: Okay. And I know Mr. Gregory will meet
with you and you will have an opportunity to review the
evidence in this case and you probably shouldn't say anything
more about that factor, but I will state just for the record
in terms of what information has been presented to me, and the
Government can correct me if I'm wrong, but there are a number
of child pornography photographs that were found on your
electronic devices in addition to what the Government believes

to be actual photographs of a two-year old who was being
sexually exploited and they believe you are the one who did
that and I do not want you to respond to that in any way. I
just want to advise you and make it clear that I know that you
know anything you say at any time can and will be used by the
Government and so I don't want you to say anything that the
Government can use against you.
Talk to me about your history and your
characteristics and also your family --
THE DEFENDANT: My character and my history is
extensive. I am more than just these criminal allegations.
In regards to that, there was even a probation officer that I
used -- I have an exhibit that says that they were supposed to
use -- there was a four-month period that there was a
continuance specifically to them to look into my community
ties. No one ever looked into my community ties. There was
no third-party investigation into my community ties. There
was no third-party, like, true investigation into my family.
My own mother wasn't ever contacted by anyone from Probation
Services and if she was, there was no message left. There was
no way of her knowing that they contacted her. So it's like
there was really no true history of who I am and who I --
THE COURT: Well, that's why I am asking you to tell
me about your family so I can consider that information
in weighing that factor?

# Exhibit "A"

District Court Order dated December 30, 2021

denying petitioner's pro se motions unless presented

through counsel.

District Court Docket Entry No. 60

UNITED STATES OF AMERICA, - against - <u>ANDRE WILBURN</u>, Defendant.
UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK
2021 U.S. Dist. LEXIS 248199
19-CR-108 (MKB)
December 30, 2021, Decided
December 30, 2021, Filed

**Counsel**   {2021 U.S. Dist. LEXIS 1}For <u>Andre Wilburn</u>, Defendant: Samuel Gregory, LEAD ATTORNEY, Samuel Gregory PC, New York, NY.
For USA, Plaintiff: Virginia Nguyen, LEAD ATTORNEY, United States Attorney's Office, Brooklyn, NY; Robert Polemeni, United States Attorney's Office, Eastern District of New York, Brooklyn, NY.

**Judges:** MARGO K. BRODIE, United States District Judge.

Opinion

**Opinion by:**   MARGO K. BRODIE

Opinion

<u>ORDER</u>

MARGO K. BRODIE, United States District Judge:

On February 28, 2019, a grand jury returned a two-count indictment against Defendant <u>**Andre Wilburn**</u>, charging him with sexual exploitation of a child in violation of 18 U.S.C. §§ 2251(a) and 2251(e), and possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). (Indictment ("Ind.") ¶¶ 1-2, Docket Entry No. 8; Criminal Information Sheet, annexed to Ind. as Ex. 1, Docket Entry No. 8-1.) On April 22, 2019, the Government filed a superseding indictment, charging Wilburn with three additional counts of possession of child pornography. (Superseding Ind. ¶¶ 3-5, Docket Entry No. 13.) The Superseding Indictment alleges that on November 6, 2016, Wilburn "did knowingly and intentionally employ, use, persuade, induce, entice and coerce a minor, . . . an individual whose identity is known to the Grand Jury, to engage in sexually explicit{2021 U.S. Dist. LEXIS 2} conduct for the purpose of producing one or more visual depictions of such conduct," with knowledge that such visual depictions would be "transported and transmitted" through interstate commerce. (*Id.* ¶ 1.) In addition, the Superseding Indictment charges Wilburn with four counts of possession of child pornography, alleging that on or about September 6, 2018, Wilburn "did knowingly and intentionally possess matter which contained one or more visual depictions" that had been transported through interstate commerce, "involv[ing] the use of one or more minors engaging in sexually explicit conduct, and such visual depictions were of such conduct." (*Id.* ¶¶ 2-5.)

Currently before the Court are Wilburn's *pro se* motions (1) asserting his right to speedy trial; (2) objecting to the continuance granted on November 10, 2021, until January 21, 2022, (*see* Letter dated Nov. 28, 2021, Docket Entry No. 56); and (3) for bail pursuant to 18 U.S.C. § 3164, (Def.'s Third Mot. for Release on Bail, Docket Entry No. 58). For the following reasons, the Court denies Wilburn's *pro se* motions without prejudice to later presentation through counsel.

© 2022 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

## I. Background

Wilburn was arrested on January 16, 2019, and indicted on February{**2021 U.S. Dist. LEXIS 3**} 28, 2019, for sexual exploitation of a child and possession of child pornography in violation of 18 U.S.C. §§ 2251(a), 2251(e), 2252(a)(4)(B), and 2252(b)(2). (Order of Detention, Docket Entry No. 6; Ind. ¶¶ 1-2.) The Government filed the Superseding Indictment on April 22, 2019, (Superseding Ind.), and on April 23, 2019, Wilburn entered a plea of not guilty, (Min. Entry dated Apr. 23, 2019). On April 23, 2020, Judge Roanne L. Mann held a detention hearing, during which defense counsel presented a bail package with two sureties. (Min. Entry dated Apr. 23, 2020, Docket Entry No. 19.) The Government opposed Wilburn's bail application and Judge Mann denied Wilburn's motion. (*Id.*)

On September 29, 2021, Wilburn, proceeding *pro se*,1 renewed his bail application, (*see* Def.'s Second Mot. for Release on Bail, Docket Entry No. 48), and following a hearing on November 10, 2021, the Court denied his motion with leave to renew, (Min. Entry dated Nov. 10, 2021). In addition, the Court granted an adjournment until January 21, 2022, to allow Wilburn's newly appointed counsel sufficient time to familiarize himself with the case. (*Id.*) On December 1, 2021, Wilburn filed a *pro se* motion asserting his right to speedy trial and objecting to the November{**2021 U.S. Dist. LEXIS 4**} 10, 2021 continuance. (*See* Letter dated Nov. 28, 2021.) On December 3, 2021, the Court directed defense counsel to notify the Court whether he adopted Wilburn's objection. (Order dated Dec. 3, 2021.) On December 8, 2021, defense counsel responded to the Court's order, indicating that he did not join in Wilburn's objection to the adjournment as he "need[ed] the time to review the discovery and communicate with [Wilburn]." (Letter dated Dec. 8, 2021, Docket Entry No. 57.) In addition, defense counsel requested that he "not be required to respond to motions made by [Wilburn] in the future" as he is "spending considerable time and resources responding to various motions and appeals made by [Wilburn] which were made by him without [defense counsel's] knowledge or input." (*Id.*)

On December 6, 2021, Wilburn, proceeding *pro se*, renewed his motion for bail arguing that he has been detained for 1,077 days "solely because he is awaiting trial," in violation of 18 U.S.C. § 3164. (Def.'s Third Mot. for Release on Bail 1.) On December 13, 2021, Wilburn again moved to assert his right to speedy trial, arguing that "his pretrial detention is severely prejudicing his defense." (Letter dated Dec. 6, 2021, at 1,{**2021 U.S. Dist. LEXIS 5**} 4, Docket Entry No. 59.) In addition, Wilburn expresses dissatisfaction with defense counsel's representation because defense counsel (1) exhibits unprofessional and intentionally antagonistic conduct and (2) refuses to assist in drafting speedy trial and suppression motions. (*See id.* at 1-2.) Defense counsel has not adopted or otherwise responded to Wilburn's *pro se* motions.

## II. Discussion

The law is well established that an individual may not simultaneously exercise his constitutional right to appear *pro se* and the right to appointed counsel. *United States v. Bloom*, 366 F. App'x 285, 290 n.4 (2d Cir. 2021) ("There is certainly a right to appear *pro se*, as well as a right to appointed counsel. Obviously, however, those rights cannot be both exercised at the same time." (quoting *Ennis v. LeFevre*, 560 F.2d 1072, 1075 (2d Cir. 1977)); *see also United States v. Rivernider*, 828 F.3d 91, 108 (2d Cir. 2016) (noting that a "defendant has a right either to counsel or to proceed pro se, but has no right to 'hybrid' representation, in which he is represented by counsel from time to time, but may slip into pro se mode for selected presentations" (citation omitted) (first quoting *Faretta v. California*, 422 U.S. 806, 834, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975); and then citing *Clark v. Perez*, 510 F.3d 382, 395 (2d Cir. 2008))); *United States v. Crozier*, 640 F. App'x 100, 102 (2d Cir. 2016) ("[A] criminal defendant has no constitutional or statutory right to represent himself as co-counsel with his own attorney." (quoting *United States v. Tutino*, 883 F.2d 1125, 1141 (2d Cir.

2

© 2022 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

1989)))).

"The decision to grant or deny{2021 U.S. Dist. LEXIS 6} 'hybrid representation' lies solely within the discretion of the trial court." *Tutino*, 883 F.2d at 1141 (quoting *O'Reilly v. N.Y. Times Co.*, 692 F.2d 863, 869 (2d Cir. 1982)). Absent a "compelling reason" or a showing that "the interests of justice [would be] served by a defendant's supplementation of the legal services provided by his retained counsel," the trial court need not permit hybrid representation. *United States v. Reed*, No. 13-CR-6172, 2014 U.S. Dist. LEXIS 96793, 2014 WL 3534011, at *7 (W.D.N.Y. July 14, 2014) (alteration in original) (first quoting *Tutino*, 883 F.2d at 1141; and then quoting *United States v. Swinton*, 400 F. Supp. 805, 806 (S.D.N.Y. 1975)), *report and recommendation adopted*, 2014 U.S. Dist. LEXIS 126024, 2014 WL 4425795 (S.D.N.Y. Sept. 9, 2014).

Wilburn has presented no "compelling reason" for the Court to permit "hybrid representation" and the Court therefore declines to consider Wilburn's pending *pro se* motions without prejudice to later presentation through counsel. *Tutino*, 883 F.2d at 1141; *see also United States v. Wolfish*, 525 F.2d 457, 463 (2d Cir. 1975) (per curiam) (finding that the defendant "had an experienced counsel and, so long as he retained him, he could not appear *pro se*"). The law is well settled that counsel's representation is not rendered ineffective merely because the defendant disagrees with counsel on litigation strategy. *See Rivernider*, 828 F.3d at 108 (noting that "it is well settled that a defendant may not disrupt proceedings by demanding new counsel whenever he differs from his lawyer's strategic, legal, or ethical judgments about how to conduct a case"); *Smith v. Superintendent, Cayuga Corr. Facility*, No. 18-CV-160, 2020 U.S. Dist. LEXIS 171480, 2020 WL 8474766, at *8 (N.D.N.Y. Sept. 17, 2020) ("The mere fact that a defendant's{2021 U.S. Dist. LEXIS 7} preferred litigation strategy differs from that of his counsel's does not make counsel's representation ineffective." (citing *United States v. Sandford*, 342 F. Supp. 3d 333, 336 (W.D.N.Y. 2018))), *report and recommendation adopted*, 2021 U.S. Dist. LEXIS 9966, 2021 WL 193957 (N.D.N.Y. Jan. 20, 2021).

Therefore, the Court declines to exercise its discretion to permit hybrid representation and denies without prejudice to later presentation through counsel Wilburn's *pro se* motions: (1) asserting his right to speedy trial; (2) objecting to the continuance granted on November 10, 2021 until January 21, 2022; and (3) for bail pursuant to 18 U.S.C. § 3164.

Dated: December 30, 2021

Brooklyn, New York

SO ORDERED:

/s/ MKB

MARGO K. BRODIE

United States District Judge

**Footnotes**

1

Samuel Gregory was appointed as CJA counsel on October 6, 2021, (*see* Order dated Oct. 6, 2021, Docket Entry No. 50), and adopted Wilburn's second motion for release on bail on November 8, 2021, (*see* Reply to Gov't Opp'n to Def.'s Second Mot. for Release on Bail, Docket Entry No. 54).

© 2022 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

# Exhibit "B"

District Court Order Dated  March 14, 2022

District Court Order denying Speedy Trial Act

motion (Docket Entry 81)


District Court Docket Entry 84

---

**UNITED STATES OF AMERICA, - against - ANDRE WILBURN, Defendant.**
**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**
**2022 U.S. Dist. LEXIS 44598**
**19-CR-108 (MKB)**
**March 14, 2022, Decided**
**March 14, 2022, Filed**

---

**Editorial Information: Prior History**

United States v. Wilburn, 2021 U.S. Dist. LEXIS 248199, 2021 WL 6143591 (E.D.N.Y., Dec. 30, 2021)

**Counsel**            {2022 U.S. Dist. LEXIS 1}For Andre Wilburn, Defendant: Samuel Gregory, LEAD ATTORNEY, Samuel Gregory PC, New York, NY.

For USA, Plaintiff: Virginia Nguyen, LEAD ATTORNEY, United States Attorney's Office, Brooklyn, NY USA; Robert Polemeni, United States Attorney's Office, Eastern District of New York, Brooklyn, NY.

**Judges:** MARGO K. BRODIE, United States District Judge.

**Opinion**

**Opinion by:**        MARGO K. BRODIE

**Opinion**

**ORDER**

MARGO K. BRODIE, United States District Judge:

On December 30, 2021, the Court "decline[d] to exercise its discretion to permit hybrid representation" of Defendant Andre Wilburn and "denie[d] without prejudice to later presentation through counsel [Mr.] Wilburn's *pro se* motions: (1) asserting his right to [a] speedy trial; (2) objecting to the continuance granted on November 10, 2021 until January 21, 2022; and (3) for bail pursuant to 18 U.S.C. § 3164." (Order dated Dec. 30, 2021 ("December 2021 Order") 5, Docket Entry No. 60.) Since then, Defendant has made numerous similar motions,1 and the Court has denied them for the reasons discussed in the December 2021 Order.2 For the reasons discussed in the December 2021 Order, the Court denies Defendant's recent motions asserting his right to a speedy trial, (Letter dated Feb. 28, 2022, Docket Entry No. 79),{2022 U.S. Dist. LEXIS 2} and to dismiss the Superseding Indictment, (Mot. to Dismiss, Docket Entry No. 81). However, the Court grants Defendant's counseled request for an extension until May 1, 2022, to file his suppression motion, (Letter Adjournment Request, Docket Entry No. 80), and also grants his request for free copies of certain transcripts, (Letter dated Mar. 3, 2022, Docket Entry No. 82). In addition, the Court directs Defendant to file all further motions through counsel. *See, e.g., Bennett v. United States*, No. 03-CV-1852, 2004 WL 2711064, at *8 (S.D.N.Y. Nov. 23, 2004) ("[The defendant] has submitted numerous *pro se* motions and letters although he is represented by counsel in the instant matter. . . . To alleviate further improper filings, multiple submissions and the resulting confusion, [the court] direct[s] [the defendant] to file all future papers through his attorney . . . . The [c]ourt will no longer accept [the defendant's] *pro se* submissions.").

---

DISHOT                                  1

© 2022 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Dated: March 14, 2022

Brooklyn, New York

SO ORDERED:

/s/ MKB

MARGO K. BRODIE

United States District Judge

**Footnotes**

1

(*See* Mot. to Dismiss, Docket Entry No. 61; Mot. for Return of Property, Docket Entry No. 62; Letter dated Dec. 21, 2021, Docket Entry No. 63; Letter dated Dec. 23, 2021, Docket Entry No. 64; Suppl. Mot. to Dismiss, Docket Entry No. 65; Letter dated Jan. 4, 2022, Docket Entry No. 66; Letter dated Feb. 8, 2022; Docket Entry No. 76; Letter dated Feb. 4, 2022; Docket Entry No. 77.)

2

(*See* Order dated Jan. 5, 2022; Order dated Jan. 10, 2022; Order dated Jan. 11, 2022; Order dated Jan. 13, 2022; Order dated Feb. 17, 2022.)

DISHOT                                               2

© 2022 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

# Exhibit E

TruLincs messages copied from PACER Docket Sheet

containing

1. Arrest Date
2. Docket Entry 60
3. Docket Entry 69
4. Order Dated 01/26/2022
5. Order Dated 02/17/2022
6. Docket Entry 84
7. Docket Entry 86
8. Docket Entry 93
9. Docket Entry 100

Note: All relevant entries are encircled.

TRULINCS 73608298 - WILBURN, ANDRE SHAWN - Unit: BRO-I-A
--------------------------------------------------------------------------------

*[handwritten: order of detention in SD cal on 01/00/2019 did not conform with SRA]*

*[handwritten: order of detention entered on 02/19/2019, without a proper detention hearing that conformed with bail Reform Act. Rule 46]*

Terminated Counts
DispositionNone
Highest Offense Level (Terminated)None
Complaints
Disposition18:2251.F; 18:2252
PlaintiffUSArepresented byVirginia Nguyen
United States Attorney's Office
271 Cadman Plaza East
Brooklyn, NY 11201
718 254-6280
Email: virginia.nguyen@usdoj.gov
LEAD ATTORNEY
ATTORNEY TO BE NOTICED
Designation: Government Attorney

Robert Polemeni
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
718-254-6044
Fax: 718-254-6076
Email: robert.polemeni@usdoj.gov
Date Filed#Docket Text

09/07/2018 1 SEALED COMPLAINT as to Andre Wilburn (1). (Attachments: # 1 Sealing Cover Sheet) (Sica, Michele) [1:18-mj-00837-VMS] (Entered: 09/10/2018)

01/16/2019 Arrest of Andre Wilburn in Southern District of California (San Diego). (Marziliano, August) [1:18-mj-00837-VMS] (Entered: 02/01/2019) *[handwritten: Actual arrest date is 01/15/2019]*

01/17/2019. 3 Order to Unseal Case as to Andre Wilburn. Ordered by Chief Mag. Judge Roanne L. Mann on 1/17/2019. (Williams, Erica) [1:18-mj-00837-VMS] (Entered: 01/22/2019)
*[handwritten: 01/29/2019 - Arraignment in SD (C) on complaint. order of detention. 14 days after arrest, STA violation]*

02/01/2019 4 Rule 5(c)(3) Documents Received as to Andre Wilburn (Attachments: # 1 SEALED OUT OF DISTRICT COMPLAINT, # 2 FINDINGS OF FACT AND ORDER OF DETENTION as to Andre Wilburn, # 3 WAIVER of Rule 5 Hearings by Andre Wilburn, # 4 WARRANT of Removal to Eastern District of New York) (Marziliano, August) [1:18-mj-00837-VMS] (Entered: 02/01/2019)

02/19/2019 5 Minute Entry for proceedings held before Magistrate Judge Peggy Kuo:Arraignment as to Andre Wilburn (1) Count Complaint held on 2/19/2019, Attorney Appointment Hearing as to Andre Wilburn held on 2/19/2019, Initial Appearance as to Andre Wilburn held on 2/19/2019. AUSA Virginia Nguyen present. Dft present w/federal defender James Darrow. Dft arraigned on the complaint. Preliminary hearing set for 3/5/19 @ 11:00 am. Order of detention entered. (Log # 2/19/19 3:53-3:56.) (Chin, Felix)[1:18-mj-00837-VMS] (Entered: 02/21/2019) *[handwritten: only 3 men in dictation. Was was probable cause determined?]*

02/19/2019 6 ORDER OF DETENTION as to Andre Wilburn. Ordered by Magistrate Judge Peggy Kuo on 2/19/2019. (Chin, Felix) [1:18-mj-00837-VMS] (Entered: 02/21/2019)

02/19/2019 7 CJA 23 Financial Affidavit by Andre Wilburn (Chin, Felix) [1:18-mj-00837-VMS] (Entered: 02/21/2019)

02/28/2019 8 INDICTMENT as to Andre Wilburn (1) count(s) 1, 2. (Attachments: # 1 Criminal Information Sheet) (Piper, Francine) (Entered: 02/28/2019)*[handwritten: the indictment delay of 44 days caused substantial prejudice to right to fair trial. pg 4]*

03/04/2019 10 Letter dated March 1, 2019 from Grand Jury Coordinator as to Andre Wilburn. Arraignment set for 3/7/2019 11:00 AM in Courtroom 2A South before Magistrate Judge James Orenstein. (Piper, Francine) (Entered: 03/04/2019)

03/05/2019 11 Minute Entry for proceedings held before Magistrate Judge James Orenstein:Arraignment as to Andre Wilburn (1) Count 1,2 held on 3/5/2019, Plea entered by Andre Wilburn Not Guilty to all counts., ( Status Conference set for 3/21/2019 10:00 AM in Courtroom 6F North before Judge Margo K. Brodie.) AUSA Virginia Nguyen; Defense Counsel, Andre Wilburn.

TRULINCS  73608298 - WILBURN, ANDRE SHAWN - Unit: BRO-I-A

---------------------------------------------------------------------------------------

FROM:
TO: 73608298
SUBJECT: 108/document 60
DATE: 01/03/2022 11:06:04 PM

12/30/2021 60 ORDER denying 58 Motion to Reduce Sentence as to Andre Wilburn and re 56 Letter dated November 28, 2021. For the reasons discussed in the attached Order, the Court declines to exercise its discretion to permit hybrid representation and denies without prejudice to later presentation through counsel Mr. Wilburn's pro se motions: (1) asserting his right to speedy trial; (2) objecting to the continuance granted on November 10, 2021 until January 21, 2022; and (3) for bail pursuant to 18 U.S.C. § 3164. Ordered by Chief Judge Margo K. Brodie on 12/30/2021. (Shane, Elisabeth) (Entered: 12/30/2021)

TRULINCS 73608298 - WILBURN, ANDRE SHAWN - Unit: BRO-I-A

-----------------------------------------------------------------------------------------

FROM:
TO: 73608298
SUBJECT: Feb108
DATE: 02/26/2022 04:36:03 PM

01/26/2022        Status Conference as to Andre Wilburn was held on January 26, 2022. AUSA Virginia Nguyen appeared on behalf of the government. Samuel Gregory appeared on behalf of Mr. Wilburn. Defense counsel notified the Court that he will be filing a motion to suppress. The Court established the following motion schedule: defendants motion shall be filed by February 23, 2022; the government's response shall be filed by March 9, 2022; and defendant's reply, if any, shall be filed by March 16, 2022. The Court directed the government to investigate the searches of defendant's cell that were conducted on December 22, 2021, and January 2, 2022, and to determine why defendant's documents were discarded. The Court ordered the MDC to return to Mr. Wilburn any written materials taken during these searches and to refrain from discarding such materials in future searches. Defense counsel shall file a proposed order requesting permission for his client to be allowed additional time in the unit library. The Court scheduled a status conference for March 29, 2022, at 10:30 AM in Courtroom 6F North. The Court excluded time between January 26, 2022, and March 29, 2022, in the interests of justice.(Court Reporter David Roy.) (Valentin, Winnethka) (Entered: 01/27/2022)

01/27/2022        ORDER TO CONTINUE - Ends of Justice as to Andre Wilburn. Time excluded from 1/26/2022 until 3/29/2022. Ordered by Chief Judge Margo K. Brodie on 1/26/2022. (Valentin, Winnethka) (Entered: 01/27/2022)

01/27/2022    70    Letter as to Andre Wilburn (Gregory, Samuel) (Entered: 01/27/2022)

01/31/2022    71    ORDER as to Andre Wilburn. Defendant Andre Wilburn, registry number 73608-298, is currently detained pending trial at the Metropolitan Detention Center ("MDC") and assisting defense counsel in preparing a motion to suppress. The Court directs the MDC to provide Mr. Wilburn increased time at the unit law library. Ordered by Chief Judge Margo K. Brodie on 1/31/2022. (Valentin, Winnethka) (Entered: 01/31/2022)

02/03/2022    72    Letter request for co-counsel as to Andre Wilburn (Gregory, Samuel) (Entered: 02/03/2022)

02/03/2022        ORDER granting 72 Letter request for co-counsel as to Andre Wilburn. Ordered by Chief Judge Margo K. Brodie on 2/3/2022. (Valentin, Winnethka) (Entered: 02/03/2022)

02/03/2022    73    CJA 20 Co-counsel Zachary Taylor. Ordered by Chief Judge Margo K. Brodie on 2/3/2022. (Valentin, Winnethka) (Entered: 02/03/2022)

02/11/2022    75    Letter requesting free copy of 1/26/22 copy of transcript as to Andre Wilburn. (Lee, Tiffeny) (Entered: 02/15/2022)

02/14/2022    76    Letter to Judge Brodie from Andre Wilburn re defendant's pro se motions. (Lee, Tiffeny) (Entered: 02/15/2022)

02/15/2022    74    Letter adjournment request as to Andre Wilburn (Gregory, Samuel) (Entered: 02/15/2022)

02/15/2022    77    Letter to Judge Brodie from Andre Wilburn re: speedy trial assertion - sixth amendment. (Lee, Tiffeny) (Entered: 02/15/2022)

02/16/2022    78    Letter dated February 13, 2022 from Andre Wilburn to Judge Brodie, reporting a fraud upon the tribunal perpetrated by special assistant united states attorney virginia nguyen. (Piper, Francine) (Entered: 02/18/2022)

02/17/2022        ORDER denying 77 Letter re: speedy trial assertion and 76 Letter re defendant's pro se motions and granting 75 Letter requesting free copy of 1/26/22 transcript and 74 Letter adjournment request. For the reasons discussed in the Court's 60 ORDER dated December 30, 2021, the Court declines to exercise its discretion to permit hybrid representation and denies without prejudice to later presentation through counsel Mr. Wilburn's pro se letter motions asserting his right to a speedy trial and requesting that the Court consider his prior pro se motions despite its December 30, 2021 Order. The Court will mail a free copy of the 1/26/22 transcript to Mr. Wilburn. In addition, the Court grants counsel's requests for a five-week extension to file Mr. Wilburn's motion to suppress and to allow Mr. Wilburn to appear virtually at the March 29, 2022 status conference. Defendant's motion shall be filed on or before March 30, 2022. Ordered by Chief Judge Margo K. Brodie on 2/17/2022. (Valentin, Winnethka) (Entered: 02/17/2022)

TRULINCS  73608298 - WILBURN, ANDRE SHAWN - Unit: BRO-I-A

-----------------------------------------------------------------------------------------------

FROM:
TO: 73608298
SUBJECT: 08update
DATE: 01/25/2022 04:51:04 PM

01/10/2022     67     Letter dated January 4, 2022 from Andre Wilburn to the Clerk of Court, requesting that the letter motion be returned after it is filed with court, and that envelope is marked with "legal mail-open in presence of the inmate". (Piper, Francine) (Entered: 01/12/2022)

01/11/2022          ORDER denying 65 Supplemental MOTION to Dismiss the Superseding Indictment. For the reasons discussed in the Court's 60 ORDER dated December 30, 2021, the Court declines to exercise its discretion to permit hybrid representation and denies without prejudice to later presentation through counsel Mr. Wilburn's pro se supplemental motion to dismiss the superseding indictment. Ordered by Chief Judge Margo K. Brodie on 1/11/2022. (Bacchi, Joseph) (Entered: 01/11/2022)

01/13/2022          ORDER denying 66 Letter dated January 4, 2020 from Andre Wilburn to Judge Brodie, requesting temporary release pursuant to 18 USC 3142(i). For the reasons discussed in the Court's 60 ORDER dated December 30, 2021, the Court declines to exercise its discretion to permit hybrid representation and denies without prejudice to later presentation through counsel Mr. Wilburn's pro se letter motion requesting temporary release. Ordered by Chief Judge Margo K. Brodie on 1/13/2022. (Bacchi, Joseph) (Entered: 01/13/2022)

01/20/2022     68     NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Andre Wilburn held on November 10, 2021, before Judge Margo K. Brodie. Court Reporter/Transcriber Sophie Nolan, Telephone number 718-613-2622. Email address: NolanEDNY@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents".. Redaction Request due 2/10/2022. Redacted Transcript Deadline set for 2/20/2022. Release of Transcript Restriction set for 4/20/2022. (Nolan, Sophie) (Entered: 01/20/2022)
01/20/2022          ORDER: Due to a conflict in the Court's calendar, the status conference scheduled for January 20, 2022, is RESCHEDULED to January 26, 2022, at 11:00 am. Ordered by Chief Judge Margo K. Brodie on 1/20/2022. (Valentin, Winnethka) (Entered: 01/20/2022)

01/24/2022     69     ORDER as to Andre Wilburn, that Special Agents with HSI are permitted to take custody of Andre Wilburn, Register Number 73608-298, from the MDC on Monday, January 24, 2022, and return him to the MDC before 6:00 p.m. that day. Ordered by Magistrate Judge James R. Cho on 1/21/2022. (Attachments: # 1 Application) (Piper, Francine) (Entered: 01/24/2022)

TRULINCS 73608298 - WILBURN, ANDRE SHAWN - Unit: BRO-I-A

---------------------------------------------------------------------------------------------

FROM:
TO: 73608298
SUBJECT: Updates 08
DATE: 03/22/2022 04:51:03 PM

03/10/2022    85    Letter to Chief Judge Brodie from Andre Wilburn re: the government's withholding of evidence. (Lee, Tiffeny) (Entered: 03/15/2022
)
03/14/2022    83    TRANSCRIPT of Proceedings as to Andre Wilburn held on February 19, 2019, before Judge Kuo. Court Transcriber: Abba Reporting. Email address: abbareporting@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 4/4/2022. Redacted Transcript Deadline set for 4/14/2022. Release of Transcript Restriction set for 6/12/2022. (Rocco, Christine) (Entered: 03/14/2022)

03/14/2022    84    ORDER as to Andre Wilburn. For the reasons discussed in the attached Order, the Court denies Defendant's recent motions 79 asserting his right to a speedy trial and 81 to dismiss the Superseding Indictment. However, the Court grants Defendant's 80 counseled request for an extension until May 1, 2022, to file his suppression motion and also grants his 82 request for free copies of certain transcripts. In addition, the Court directs Defendant to file all further motions through counsel. Ordered by Chief Judge Margo K. Brodie on 3/14/2022. (Bacchi, Joseph) (Entered: 03/14/2022

03/14/2022    86    Letter dated 3/10/2022 to Chief Judge Brodie from Andre Wilburn requesting that the court permit hybrid representation. (Lee, Tiffeny) (Entered: 03/15/2022)

03/14/2022    87    Letter dated 3/10/2022 to Chief Judge Brodie from Andre Wilburn regarding the government's failure to proceed to trial. (Lee, Tiffeny) (Entered: 03/15/2022)

03/15/2022         ORDER as to Andre Wilburn. The Court denies as moot in view of the Court's March 14, 2022 Order Defendant's 86 Letter dated 3/10/2022 requesting that the court permit hybrid representation. Ordered by Chief Judge Margo K. Brodie on 3/15/2022. (Bacchi, Joseph) (Entered: 03/15/2022)

03/18/2022    88    Letter dated March 15, 2022 to Chief Judge Brodie from Andre Wilburn, requesting a speedy trial in both cases. (Piper, Francine) (Entered: 03/21/2022)

----------------------------------//-
I don't see the status hearing for Tuesday March 29th on Judge Brodie's updated docket below. It's gone. Nothing new on 39 docket.

Deadlines/Hearings

| Doc. No.. Filed | Deadline/Hearing Due/Set | Event Satisfied | Terminated |
|---|---|---|---|
| 10 | Arraignment | | |
| dft: Andre Wilburn at 11:00 AM | 03/04/2019 03/05/2019 | 03/07/2019 | |
| 11 | Status Conference | | |
| dft: Andre Wilburn at 10:00 AM | 03/05/2019 03/21/2019 | 03/21/2019 | |
| | Status Conference | | |
| dft: Andre Wilburn at 10:00 AM | 03/21/2019 04/23/2019 | 04/23/2019 | |
| | Status Conference | | |
| dft: Andre Wilburn at 10:00 AM | 04/23/2019 06/13/2019 | 06/13/2019 | |
| | Status Conference | | |
| dft: Andre Wilburn at 10:00 AM | 06/13/2019 08/27/2019 | 08/27/2019 | |
| | Status Conference | | |

TRULINCS 73608298 - WILBURN, ANDRE SHAWN - Unit: BRO-I-A

---------------------------------------------------------------------------------

Deadlines/Hearings

Doc.
No.     Deadline/Hearing      Event
Filed   Due/Set      Satisfied      Terminated
68      Redaction Request Deadline
dft: Andre Wilburn      01/20/2022      02/10/2022
68      Redacted Transcript Deadline
dft: Andre Wilburn      01/20/2022      02/20/2022
83      Redaction Request Deadline
dft: Andre Wilburn      03/14/2022      04/04/2022
83      Redacted Transcript Deadline
dft: Andre Wilburn      03/14/2022      04/14/2022
91      Redaction Request Deadline
dft: Andre Wilburn      03/28/2022      04/18/2022
68      Release of Transcript Restrict
dft: Andre Wilburn      01/20/2022      04/20/2022
91      Redacted Transcript Deadline
dft: Andre Wilburn      03/28/2022      04/28/2022
83      Release of Transcript Restrict
dft: Andre Wilburn      03/14/2022      06/12/2022
91      Release of Transcript Restrict
dft: Andre Wilburn      03/28/2022      06

DOCKET REPORT UPDATE 08

03/28/2022      91      NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Andre Wilburn held on April 23, 2020, before Judge Roanne L. Mann. Court Reporter/Transcriber Linda A. Marino, Telephone number 718-613-2484. Email address: lindacsr@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 4/18/2022. Redacted Transcript Deadline set for 4/28/2022. Release of Transcript Restriction set for 6/26/2022. (Marino, Linda) (Entered: 03/28/2022)

03/28/2022      92      Letter dated March 23, 2022 from Andre Wilburn to Clerk of Court, requesting in forma pauperis status for the writ of mandamus. (Piper, Francine) (Entered: 03/30/2022)

03/28/2022      93      Letter dated March 23, 2022 from Andre Wilburn to Judge Brodie, seeking emergency relief from the second circuit court of appeals in the form of a writ of mandamus pursuant to rule 21 of the federal rules of appellate procedure. (Piper, Francine) (Entered: 03/30/2022)

03/31/2022      SCHEDULING ORDER as to Andre Wilburn. Status Conference set for 4/6/2022 at 10:30 AM before Chief Judge Margo K. Brodie. Ordered by Chief Judge Margo K. Brodie on 3/31/2022. (Valentin, Winnethka) (Entered: 03/31/2022)

04/01/2022      95      Letter dated March 28, 2022 from Andre Wilburn to the Judge Brodie, advising that defendant was never interested in pursuing plea negotiations, and defendant wishes to assert the constitutional and statutory right to a speedy trial. (Piper, Francine) (Entered: 04/04/2022) *speedy*

04/04/2022      94      Letter as to Andre Wilburn (Silverberg, Eric) (Entered: 04/04/2022)

04/06/2022      96      NOTICE OF ATTORNEY APPEARANCE: Zachary Stewart Taylor appearing for Andre Wilburn (Taylor, Zachary) (Entered: 04/06/2022)

04/06/2022      Status Conference as to Andre Wilburn was held on April 6, 2022. AUSA Eric Silverberg appeared on behalf of the government. Samuel Gregory and Zachary Taylor appeared on behalf of Mr. Wilburn. Defense counsel will file a motion to suppress by May 1, 2022. The government's response shall be filed by May 23, 2022; and defendant's reply, if any, shall be filed by May 30, 2022. The Court directed defense counsel to discuss with Mr. Wilburn his mandamus petition and request to proceed in forma pauperis. The Court will provide Mr. Wilburn with a copy of the transcript for today's conference. The Court scheduled a status conference for June 10, 2022, at 10:30 AM and will let the parties know available trial dates at the next status conference. The Court excluded time between April 6, 2022, and June 10, 2022, in the interests of justice. (Court

TRULINCS 73608298 - WILBURN, ANDRE SHAWN - Unit: BRO-I-A

---------------------------------------------------------------------------------------

FROM:
TO: 73608298
SUBJECT: Deadlines/ hearings 08
DATE: 04/26/2022 05:36:03 PM

68  Release of Transcript Restrict
dft: Andre Wilburn 01/20/2022  04/20/2022
91  Redacted Transcript Deadline
dft: Andre Wilburn 03/28/2022  04/28/2022
83  Release of Transcript Restrict
dft: Andre Wilburn 03/14/2022  06/12/2022
91  Release of Transcript Restrict
dft: Andre Wilburn 03/28/2022  06/26/2022
----------+------++---------
Updates 08.only
  04/06/2022  ORDER TO CONTINUE - Ends of Justice as to Andre Wilburn. Time excluded from 4/6/2022 until 6/10/2022.
Ordered by Chief Judge Margo K. Brodie on 4/6/2022. (Valentin, Winnethka) (Entered: 04/06/2022)


04/13/2022 97  Letter dated April 10, 2022 from Andre Wilburn to Judge Brodie, requesting a speedy trial pursuant to the
speedy trial clause of the sixth amendment to the United States Constitution and the Speedy Trial Act of 1974, 18 USC 3161-
3174. (Piper, Francine) (Entered: 04/14/2022) speedy


04/15/2022 98  Letter dated April 12, 2022 from Andre Wilburn to Judge Brodie, asserting constitutional and statutory speedy
trial rights. (Piper, Francine) (Entered: 04/18/2022) speedy


04/15/2022 99  Letter dated April 12, 2022 from Andre Wilburn to Clerk of Court, requesting to correct clerical errors. (Piper,
Francine) (Entered: 04/18/2022)
04/20/2022 101  Letter dated 4/17/2022 to Chief Judge Brodie from Andre Wilburn, Pro Se re violations. (Lee, Tiffeny) (Entered
04/21/2022) speedy


04/21/2022 100  MANDATE of USCA (certified copy) as to Andre Wilburn re 55 Notice of Appeal - Interlocutory. Appellant
moves to withdraw this appeal. IT IS HEREBY ORDERED that the motion is GRANTED. Issued as Mandate: 4/21/2022.
USCA# 21-2968. (Jones, Vasean) (Entered: 04/21/2022)

# Exhibit F

1. Email from petitioner to appointed counsel explaining why appeal is being withdrawn

2. Deferred decision on motion to withdraw petitioner's appeal

TRULINCS  73608298 - WILBURN, ANDRE SHAWN - Unit: BRO-I-A

---------------------------------------------------------------------------------------

FROM: Acevedo, Roland
TO: 73608298
SUBJECT: RE: Appeal Withdrawal Update
DATE: 04/14/2022 11:21:05 AM

If you had them why didn't you give me then from the start? I mentioned to you that I was ordering the transcripts. To appeal an issue it has to be preserved in the record below. There is no mention in the transcripts about lack of probable cause for your arrest. You should read them again. Please just send the court your declaration saying you want to withdraw your appeal like you told me to do. I'm just following your wishes  here. I'm not the enemy here. You did not answer my question about the alleged conflict. What is the conflict and if one exists do you want me to withdraw from your case. I am not aware of any conflict and you never raised this before.

ANDRE SHAWN WILBURN on 4/14/2022 9:06:22 AM wrote
I have the transcripts. Therefore, I do not understand how or why you do not have them... They are available on case No. 19-CR-108. I've ordered and received them myself. I can have them sent to you in PDF form from someone on the outside since obviously I'm stuck in here. To be quite frank, this is the part that appears to be intentionally dilatory, due to the transcripts being available on the docket.

Moreover, every issue I've raised is directly connected to my detention, and more specifically my detention hearing before Chief Judge Brodie, including the lack of probable cause to initially orders of detention in both the Southern District of California and in the Eastern District of New York. If the detention orders are not valid, then there could be no way of sustaining these orders even if it is years later. Of course there are other issues, but this seems to be the most pressing one at the moment.
-----Acevedo, Roland on 4/13/2022 11:06 PM wrote:

>

As I told you many times Mr. Wilburn, I cannot start drafting an appeal until I have all the transcripts. There is a lengthy process to get them. The 2d Circuit had to approve my request. Once that's done I have to order them from each court reporter. That takes time too. You also asked me to raise issues about probable cause, which have nothing to do with the detention hearing. In fact, no one ever raised the probable cause issue at the initial presentment or at the detention hearing before Mann. Probable cause is a separate issue that may be relevant in a suppression hearing. If you think that I have a conflict, please let me know and I will move to be relieved as counsel. I have no idea what conflict you are referring to.

ANDRE SHAWN WILBURN on 4/13/2022 8:05:28 PM wrote
Be advised that I'm only withdrawing my appeal because of your delay in filing my appeal with the Second Circuit Court of Appeals, despite me clarifying every salient issue in numerous messages and even in a written correspondence. Further, as you well know, this interlocutory appeal stops my statutory speedy trial clock, 18 USC 3161(h)(1)(C). Therefore, it is in my best interest to withdraw my appeal due to the "significant delay in handling [my] appeal." Mathis v. Hood, 937 F. 2d 790 (2d Cir.. 1991) (actual conflict of interest by appellate counsel where attorney was responsible for significant delay in handling appeal.). Please be sure to advise the Court about what I did as well, so that the record is accurate. Thanks.
-----Acevedo, Roland on 4/13/2022 11:51 AM wrote:

>

Before the court hears the motion to withdraw the appeal they want something from you that states you are voluntarily withdrawing the appeal and are aware of the rights you are waiving. Here, you are giving up the right to challenge what you consider is Judge Brodie's decision. The sooner you get them something, the sooner they will rule on your motion. They only gave you 30 days to respond. If I don't see anything by then, I'll advise the court about what I did and your responses. Good luck

ANDRE SHAWN WILBURN on 4/13/2022 9:36:02 AM wrote
The original Order of Detention in this case was made in the Southern District of California on January 29, 2019 by Magistrate Linda Lopez. The findings of fact only state that I allegedly waived my right to a bail hearing.

The first Order of Detention in the Eastern District of New York was on February 19, 2019 by Magistrate Peggy Kuo. The findings of fact are sparse, at best.

The subsequent renewal on April 23, 2020 was an emergency application to elieviate the impact of COVID-19, which was in front of Magistrate Roanne L. Mann. The original Order of Detention remained in place. As you confirmed there were no findings of

TRULINCS  73608298 - WILBURN, ANDRE SHAWN - Unit: BRO-I-A

---------------------------------------------------------------------------------

fact here either.

On November 10, 2021, I had a status hearing in front of Chief Judge which she primarily discussed my bail motions. Again, there were no findings of fact on record.

I've attempted to renew my bail application on several occasions, but my pro se motions were denied solely due to having appointed counel.

Therefore, these cumulative, fundamentally unfair, events are why I am in jail.

I'll draft something, I just wanted to be sure the record accurately reflected what was going on.
-----Acevedo, Roland on 4/12/2022 9:06 PM wrote:

>

So what would you like me to do? On Nov 10, 2021, the judge denied your pro se motion with leave to renew. You had court on Jan. 26, 2022 and you did not renew your bail motion. Your pro se bail motion specifically states that you are challenging Magistrate Mann's detention decision. That is the decision that is holding you in jail. Your notice of appeal mentions the Nov 10, 2021 status conference but no evidence or testimony was presented on Nov 10 and no findings made. There is nothing there to challenge. In any event, just draft something by hand that says you want to withdraw the appeal you filed against Judge Brodie's Nov 10 order and send it to me or the court. It's in your interests to do that quickly since you want to file a writ. You can explain why you are withdrawing. If you don't want to do that, then let me know and I'll tell the court. Or I can amend the declaration as you suggested but that delays the matter even further. Let me know how you want to proceed. Thanks.

ANDRE SHAWN WILBURN on 4/12/2022 6:21:06 PM wrote
Dear Mr. Acevedo:

    Although you've been appointed to represent me on my appeal to the Second Circuit Court of Appeals, case No. 21-2968, since January 04, 2022, it appears as if, despite my thorough explanations, you have missed the point of my appeal, The draft declaration that I received from you in the mail on April 11, 2022 is demonstrative of this presumption because you specifically note that signing the declaration will bar my ability to challenge the April 23, 2020 detention hearing Before Magistrate Judge Mann, when my appeal was clearly pertaining to the November 10, 2021 hearing before Chief Judge Brodie, see docket entry 11, Affirmation in Support of Motion to Withdraw as Counsel; District Court case No. 19-CR-108, Docket Entry 56, Notice of Appeal.

    I'm afraid that I will be unable to sign the declaration unless it accurately reflects the purpose of my appeal.

Regards,
Andre Wilburn

# UNITED STATES COURT OF APPEALS
## FOR THE
## SECOND CIRCUIT

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of April, two thousand twenty-two.

---

United States of America,

               Appellee,

v.

Andre Wilburn,

               Defendant - Appellant.

**ORDER**

Docket No. 21-2968

---

Appellant moves to withdraw the above-captioned appeal.

IT IS HEREBY ORDERED that decision on the motion is DEFERRED. Within 30 days of the date of this order, Appellant must submit a signed statement that complies with the requirements set forth in Local Rule 42.2. A copy of this order shall also be mailed to Appellant at the following address:

Andre Wilburn Reg. No. 73608-298
MDC Brooklyn
Metropolitan Detention Center
P.O. Box 329002
Brooklyn, NY  11232

For the Court:

Catherine O'Hagan Wolfe,
Clerk of Court

Andre Wilburn #73908-308
PO Box 329002
Brooklyn
Brooklyn, NY 11230

The Honorable Margo K. Brodie
United States District for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

US

SPECIAL
MAIL

28 CFR 540.18




