UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

 UNITED STATES OF AMERICA,

                                    **MEMORANDUM & ORDER**
                                    19-CR-108 (EK)(VMS)
            -against-              19-CR-139 (EK)(VMS)

 ANDRE WILBURN,

                      Defendant.

------------------------------------x
ERIC KOMITEE, United States District Judge:

        Defendant Andre Wilburn pleaded guilty to access

device fraud, in violation of 18 U.S.C. § 1029(a)(5), and Mann

Act coercion and enticement, in violation of 18 U.S.C.

§ 2422(b).  *See* ECF 156, 217; Min. Entry, August 15, 2022.[1]  He

is currently awaiting sentencing.  In the meantime, he has filed

several motions.  Those motions are decided as follows:

**A.   Motion to Reconsider the Court's Order Denying Withdrawal
     of Guilty Plea and Dismissal of Both Cases**

        First, Wilburn moves for reconsideration of Judge

Dearie's Memorandum and Order (ECF 261) denying his motion to

withdraw his guilty pleas.  ECF 262.  That motion is DENIED.

        Wilburn was indicted by two separate grand juries —

first in a case alleging fraud and related offenses involving

---

[1] Unless otherwise specified, citations to the docket refer to the 19-
CR-108 case.

Amtrak (19-CR-139), and subsequently in a case involving child pornography and sexual abuse offenses (19-CR-108).  He initially pleaded guilty to Counts Two and Four of the Amtrak indictment in 2019 before Magistrate Judge Bloom, but then withdrew those pleas before they were accepted by the district judge.  *See* No. 19-CR-139, ECF 51; Min. Entry, Mar. 9, 2022.  Following that, Wilburn terminated his initial counsel; was assigned a second attorney, whom he also terminated; and was then assigned two new attorneys to work simultaneously (who have since also been terminated).  *See* Min. Entries dated May 12, 2021; October 6, 2021; September 19, 2022; January 11, 2023.  He is currently proceeding *pro se*.

On August 15, 2022, while he was still represented, Wilburn executed a global, written plea agreement to resolve both cases.  He pleaded to a superseding information in the 19-CR-108 case, charging him with Mann Act coercion and enticement, in violation of 18 U.S.C. § 2422(b).  In the 19-CR-139 case, he pleaded guilty to Count Two of the indictment, which charged him with access device fraud in violation of 18 U.S.C. § 1029(a)(5).  ECF 156.  Judge Brodie held the change of plea hearing and accepted both pleas.

Wilburn then made numerous submissions seeking to withdraw his guilty plea, stating that he did not enter it knowingly or voluntarily.  *See, e.g.*, ECF 172, 176, 181, 252,

259.  Judge Brodie sought responses from Wilburn's then-counsel, and — after the case was transferred to Judge Dearie — the court ultimately denied the motion to withdraw the plea.  ECF 261. Wilburn sought reconsideration of this denial, ECF 262, 265, which Judge Dearie also denied, *see* Dkt. Order, Dec. 5, 2023.

Wilburn now requests reconsideration again, on four primary bases:

1) the Court's alleged failure to provide Wilburn with the "special solicitude" due to *pro se* litigants;

2) the Court's alleged failure to enforce 18 U.S.C. § 3509(m) (titled "Prohibition on Reproduction of Child Pornography"), Federal Rule of Criminal Procedure 16(a)(1)(E), and *Brady v. Maryland*, 373 U.S. 83 (1963);

3) the Court's alleged failure to consider the motion to withdraw his guilty pleas under the standard of *Strickland v. Washington*, 466 U.S. 668 (1984), for ineffective assistance of counsel; and

4) the alleged overlooking of authority stating that the defendant has the right to decide whether to plead guilty. ECF 265.

None of these arguments has merit.  "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court

3

overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *accord Black v. Diamond*, 163 F. App'x 58, 61 (2d Cir. 2006).  The "major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).  Wilburn's motion identifies no change of controlling law or new evidence, and Judge Dearie's prior order addressed each of the issues Wilburn seeks to reconsider.

For the reasons laid out compellingly in both Judge Dearie's opinion, ECF 261, and the government's opposition, ECF 270, this motion for reconsideration is DENIED.

## B.   Motions to Dismiss

Wilburn moves again to dismiss both cases against him with prejudice.  ECF 311.  He argues that government misconduct, including the use of vague, misleading, or prejudicial language in the charging instruments and subsequent filings, warrants dismissal.  ECF 311-1 at 1-3.  Wilburn additionally asserts that he has had no meaningful opportunity to view relevant discovery in this case, and finally, that the restitution calculation in the plea agreement is incorrect.  *Id.*

Judge Dearie denied a similar motion to dismiss the charging instruments (ECF 261), so this motion is likewise

construed as a motion for reconsideration of Judge Dearie's opinion.  As was the case when Judge Dearie declined to dismiss, Wilburn waived any objections to the charging instruments, and the government's restitution calculation, when he entered into the plea agreement.  Arguments specifically related to the validity of the plea agreement are addressed above, in section A, and those related to the denial of a *Franks* hearing are addressed below, in Section C.  The motion for reconsideration is therefore DENIED.

In his latest motion (ECF 318), Wilburn moves to dismiss on additional, purportedly jurisdictional, grounds.  His argument centers on the fact that 18 U.S.C. § 2422(b), which he has pleaded guilty to violating, contains a requirement that a defendant use a "means of interstate or foreign commerce" to persuade, induce, entice, or coerce a minor to engage in sexual activity.  Wilburn asserts that the government has failed to prove this interstate commerce element, which serves as the basis for federal jurisdiction.  *See* ECF 318 at 3 (citing *United States v. Price*, 374 F. App'x 189 (2d Cir. 2010); *United States v. Lopez*, 514 U.S. 549 (1995)).  In particular, he argues that it would be impossible for him to have enticed his victim to engage in sexual activity through means of interstate commerce, as his victim was only two-years-old at the time, and thus unable to use cell phones or cross state lines unassisted.  *Id.*

Wilburn has pleaded guilty to this violation, obviating the need for the government to "prove" elements of the offense.  He allocuted as follows: "In November 2016, I attempted to use a means of interstate commerce to persuade an individual under 18 to engage in the prohibited sexual activity."  Tr. of Crim. Cause for Pleading, 35:22-24, ECF 217. He additionally explained that he believed the "means of interstate commerce" that he used was a phone, *id.* at 35:1, and when asked, confirmed that he knew that the individual was under the age of 18, *id.* at 35:5-7.  However, to the extent Wilburn raises a genuine question of jurisdiction, which is of course not waivable and can be raised at any time, this too fails. Wilburn identifies no requirement that the means of interstate commerce is used to persuade or communicate with *the victim*, directly.  In the context of the statute that Wilburn has pleaded to, the Second Circuit has held explicitly that "a defendant may commit criminal enticement pursuant to § 2422(b) by communicating with an adult guardian of a minor." *United States v. Douglas*, 626 F.3d 161, 164-65 (2d Cir. 2010).  To find otherwise would place violations against the youngest and most vulnerable victims beyond the reach of the statute's protection, an illogical and perverse result.  Wilburn's most recent motion to dismiss is therefore DENIED.

### C.   **Renewed Motion for *Franks* Hearing**

Wilburn moves to renew his motion requesting a *Franks* hearing, seeking to challenge the veracity of the affidavit submitted in support of the search warrant for his Google account.  ECF 200.  Judge Brodie initially denied a *Franks* hearing on this issue; however, this denial was made on procedural grounds, as Wilburn filed the motion himself despite being represented by counsel at the time.  ECF 145.  Now that Wilburn is proceeding *pro se*, he has renewed the request.  ECF 200.  The legitimacy of the search warrant is, however, a pretrial matter that has been mooted by Wilburn's guilty plea. *See* Fed. R. Crim. P. 12(b)(3)(C) (requiring that motions for suppression of evidence be made before trial).  Further, Judge Brodie addressed arguments regarding the search warrant's legitimacy in her order denying Wilburn's motion to dismiss and motion to suppress.  ECF 151.  This motion is therefore DENIED.

### D.   **Request for Inventory**

In the same filing as the motion for a *Franks* hearing, Wilburn appends a "Motion to Compel Inventory of Seized Items and Documents Related to the Seizure of the Defendant's Vehicle."  Officers executing a search warrant "must prepare and verify an inventory of any property seized" and "must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was

taken." Fed. R. Crim. P. 41(f)(1)(B)-(C). The government is therefore directed to advise the court as to whether such an inventory was made and delivered to the defendant.

### E.   Motion for Return of Property

Wilburn additionally moves the court for the return of seized property. ECF 305. That motion is DENIED. Judge Dearie granted Wilburn's prior motion for return of property (ECF 286), pursuant to Rule 41(g), directing the government "to return his property, effects, identification, and innocent files and data." ECF 287. The government then responded, explaining: 1) that certain items seized during Wilburn's arrest cannot be returned, because they constitute evidence; 2) that the government "never took custody of the defendant's car or seized any of its contents"; 3) that certain items seized during the September 2018 search of Wilburn's apartment would be returned, but that others could not because they contained contraband and/or evidence; and 4) that it would be infeasible to segregate the child sexual abuse material on Wilburn's electronic devices from "innocent data," and that Wilburn forfeited all right and title to these devices in his plea agreement. ECF 291.

In his submission, Wilburn asserts that his mother received a package containing five items seized from his apartment in September 2018 – a "PlayStation 4," two "Xbox 360 Hard Drives," a "USC adaptor," and a "Panasonic Cassette Tape."

8

ECF 305 at 1.  However, he asserts that these items represent only a portion of the property that he is entitled to have returned to him.  In support of his motion, Wilburn raises a number of issues, largely about the legitimacy of the search warrants pursuant to which his possessions were seized.

Rule 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."  Still, "during the pendency of an ongoing criminal investigation or proceeding, the defendant bears the burden of demonstrating that the government's retention of the seized property is unreasonable." *Allen v. Grist Mill Cap. LLC*, 88 F.4th 383, 396 (2d Cir. 2023). Because Wilburn is awaiting sentencing, he retains this burden; it will shift to the government following sentencing, when "there is a presumption that non-contraband property should be returned to its owner."  *Id.*  Wilburn has not demonstrated that the government's retention of any items that have not yet been returned is unreasonable.  Instead, the government's letter, ECF 291, explains that the retained items include contraband, evidence, and forfeited property, that no items were ultimately seized from Wilburn's car, and that certain "innocent digital data" cannot be feasibly separated from contraband.  The motion is therefore DENIED, without prejudice to renew following sentencing.

### F.    Letter Motion for Sanctions

The Letter Motion for Sanctions to Prohibit Use of All Undisclosed Evidence at Trial, at ECF 207, is moot in light of Wilburn's guilty plea and is DENIED.

### G.    Letter Motion to Produce Records of Payments Made to Court Appointed Counsel

Defendant has submitted a Letter Motion to Produce Records of Payments made to Court Appointed Counsel, ECF 215, pursuant to 18 U.S.C. § 3006A(d)(4).  That statute calls for public disclosure of fees paid to court-appointed counsel.  In response to the motion, Judge Brodie ordered Wilburn's current and former court-appointed counsel to file under seal proposed redactions of all payment vouchers submitted in connection with their representation of Defendant in this case by May 22, 2023. Thus far, no such filings have been made.  Defendant's previous and standby counsel, James Darrow, Carlos Santiago, Samuel Gregory, Zachary Taylor, and Marc DeMarco, are therefore directed to file these proposed redactions within fourteen days of service or to show cause why they cannot.  Standby counsel Mark DeMarco is directed to serve this order on previously appointed counsel and to attest on the record that he has done so.

### H.   Motion to Reconsider Denial of Speedy Trial Motions

Wilburn moves for reconsideration of his motions to dismiss all charges with prejudice pursuant to the Speedy Trial Act of 1974, 18 U.S.C. § 3161, and the Sixth Amendment to the Constitution.  ECF 218.  As stated above, a successful motion for reconsideration requires a showing that certain law or facts were overlooked in the court's initial ruling.  *Black*, 163 F. App'x at 61; *Shrader*, 70 F.3d at 257.  Wilburn has failed to meet this exacting standard.  In August 2022, Judge Brodie issued a comprehensive order denying Wilburn's speedy trial motions.  ECF 151.  In it, she calculated the length of excludable and unexcludable delay and analyzed the reasons for each continuance, including COVID-19 related delays, Wilburn's own actions, and various other common procedural occurrences. *Id.*  The opinion explicitly considered controlling Second Circuit and Supreme Court precedent, potential prejudice to Wilburn, discovery-related delays, public interest in speedy trials, and potential constitutional violations – the asserted bases on which Wilburn now brings his motion.  *Id.*  Thus, Wilburn has not identified sufficient error to warrant reconsideration.

Further, these speedy trial motions were rendered moot by his guilty plea.  *See United States v. Coffin*, 76 F.3d 494, 496 (2d Cir. 1996) ("Because a defendant's right to a speedy

trial is nonjurisdictional, a knowing and voluntary guilty plea waves a speedy trial claim unless the defendant specifically reserves the right to appeal."). The motion to reconsider denial of speedy trial motions (ECF 218) is therefore DENIED.

## I.   Motion to Unseal

Wilburn next moves to unseal a number of documents in the record, including: Wilburn's letter regarding his medical care at MDC Brooklyn (ECF 128); the government's submission in response to this letter (ECF 129); the *ex parte* affirmations of Wilburn's former counsel, Samuel Gregory and Zachary Taylor, addressing Wilburn's claims of ineffective assistance of counsel (ECF 225, 226); and to remove all redactions from the transcript dated November 30, 2022. ECF. 239. Because the basis for sealing the letters at ECF 128 and 129 is Wilburn's own privacy interest in his medical information, and he is seeking to unseal them, the motion is GRANTED as to these two documents. The motion is DENIED as to ECF Nos. 225 and 226, as these filings contain sensitive material regarding the attorney client relationship and the professional communications and strategies of Gregory and Taylor. Finally, the government is directed to respond to Wilburn's motion as to the transcript of the November 30, 2022 status conferenced within fourteen days of the issuance of this order.

**J.   Motion to Compel and Direct the Court to Rule on the Defendant's Subjudice Motions and Ultimately Dismiss Both Cases with Prejudice**

Wilburn's Motion to Compel and Direct the Court to Rule on the Defendant's Subjudice Motions and Ultimately Dismiss Both Cases with Prejudice (ECF 257) is DENIED for the reasons stated above, in section B, and because this order addresses each of Defendant's outstanding motions, thus mooting the request to the court to rule on said motions.

**K.   Motion for Hearings**

Next, Wilburn moves for "an evidentiary hearing to verify the Oaths of Office and Appointment Affidavits" of various Assistant United States Attorneys, a *Franks* hearing "to challenge the veracity of Special Agent Christopher Carr's affidavit in support of a search of a Google account," and a *Fatico* hearing "to address the unresolved factual issues underlying the charge to which the defendant pled guilty."  ECF 263.  Largely for the reasons stated above, in Section C, and also for those articulated in the government's opposition, ECF 270 at 7-8, this motion is DENIED.

**L.   Motion for Bail and Release from Custody**

Wilburn has moved multiple times for bail and for release from custody, *see, e.g.*, ECF Nos. 17, 48, 58, 66, 148, and his bail has been the subject of multiple hearings, *see* ECF 68, 83, 91.  Judge Dearie most recently denied such a motion on

13

December 5, 2023.  *See* Dkt Order, December 5, 2023.  Currently
outstanding are Wilburn's Emergency Motion for Bail (ECF 289),
Motion for Release from Custody (ECF 303), Emergency Motion for
Bond and Release from Custody (ECF 315), and Supplemental Motion
for Bond (ECF 317).  In these motions, Wilburn argues that he
should be granted bail and released from custody for several
reasons, including because his incarceration is hindering his
ability to carry out his own defense and prepare for sentencing,
because the conditions at MDC Brooklyn constitute exceptional
circumstances, because the government and court have engaged in
alleged misconduct that has violated his rights and renders
reversal likely on appeal, and because he does not pose a danger
to the community and is not a flight risk.  None of these
arguments, however, warrants reconsideration of Wilburn's
remand.

        Under the Bail Reform Act, the court "shall order that
a person who has been found guilty of an offense and who is
awaiting imposition or execution of sentence . . . be detained,
unless the judicial officer finds by clear and convincing
evidence that the person is not likely to flee or pose a danger
to the safety of any other person or the community if released."
18 U.S.C.A. § 3143(a).  None of Wilburn's submissions provide
such clear and convincing evidence.

First, the charges in the Superseding Indictment carry a presumption of detention, even pre-conviction, 18 U.S.C. § 3142(e)(3)(E), and Magistrate Judge Roanne Mann and Judge Brodie have previously analyzed the required factors under 18 U.S.C. § 3142(g) for release or detention pending trial. *See* ECF 68, 91.  These factors include 1) the nature and circumstances of the offense charged, 2) the weight of the evidence, 3) the history and characteristics of the person, and 4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  For example, Magistrate Judge Mann found that Mr. Wilburn:

> is charged not merely with being the passive recipient of child pornography but with the actual production of child pornography, involving images of child pornography that he made involving a two-year-old victim. And with respect to the case before Judge Dearie, he has already pleaded guilty to his involvement in a fraud case involving aggravated identity theft. So right there, you have charges that indicate both a risk of flight, the aggravated identity theft, as well as safety to the community.

Tr. of Crim. Cause for Bail Application, Tr. 12:1-10, ECF No. 91.  Similarly, Judge Brodie went through each factor in turn, at a hearing on Wilburn's bail.  Tr. of Crim. Cause for Status Conference, ECF No. 68.  She stated that the nature and circumstances of the crimes charged, the then-apparent weight of the evidence, and the danger posed to the community weigh against release, although Mr. Wilburn's community and family

ties may weigh in favor of it.  *Id.* at tr. 10:17-11:9.  None of these factors has changed in Wilburn's favor since he was initially detained.  To the contrary, because Wilburn has since pleaded guilty and is now pending sentencing, the Bail Reform Act imposes an added presumption of detention.  18 U.S.C.A. § 3143(a).  Reconsideration of Wilburn's remand is therefore not warranted on this basis.

One change that has occurred since these hearings that is pertinent to these motions is Wilburn's decision to represent himself.  Wilburn credibly argues that his incarceration has proved a hindrance to his legal research and efforts at self representation.  However, proceeding *pro se* is not a sufficient reason to grant release on bail.  *E.g.*, *United States v. Green*, 16-CR-281, 2021 WL 2452119 (S.D.N.Y. June 16, 2021), *aff'd sub nom. United States v. Johnson*, 21-1896, 2024 WL 254118 (2d Cir. Jan. 24, 2024) (denying *pro se* defendant's release pending sentencing).  Further, Wilburn was incarcerated at the time that he made the decision to represent himself.  Tr. of Crim. Cause for Status Conference, Jan. 11, 2023, Tr. 10:15-11:3-4, ECF No. 223, and at his *Faretta* hearing, Judge Brodie repeatedly warned him of the challenges of self-representation, *id.* Tr. 7:1-4, 13:9-12, 14:20-21.  Judge Dearie later echoed this admonition, telling Wilburn that proceeding *pro se* is "about as serious a

16

mistake as you can make" and "a very foolish endeavor," Tr. of Status Conference, June 29, 2023, Tr. 3:16-23, ECF 268.

Nevertheless, Wilburn elected to proceed *pro se*, despite these foreseeable challenges. The myriad letters and motions Wilburn has filed in this case since electing to represent himself testify to his ability to launch an active defense in spite of these obstacles. Wilburn also enjoys the assistance of standby counsel, who remains ready to assist Wilburn with both filing on the docket and retrieving necessary information and documentation. Mr. DeMarco is also positioned to resume representation, if Wilburn no longer wishes to proceed *pro se*. *Id.* Tr. 17:13-16.

Wilburn's motions at ECF 289, 303, and 315 are DENIED.

**M.   Motion to Compel Production of May 17, 2023 Transcript**

The Motion to Compel production of the transcript of the May 17, 2023 status conference (ECF 293) is GRANTED. The Clerk of Court is respectfully requested to obtain a copy of this transcript and to transmit it to Wilburn.

**N.   Letter Requesting a Mitigation Specialist**

Wilburn's standby counsel has submitted a letter (ECF 300) requesting that his request, made on September 22, 2023 through the CJA eVoucher Platform, to retain a mitigation specialist, be granted. The court is disinclined, however, to appoint a mitigation specialist to review the extensive history

of this case and Wilburn's personal history and situation, when Wilburn has declined representation by counsel who could do much of this work.  This request is therefore DENIED without prejudice to renew if Wilburn elects to engage counsel for sentencing.

   **O.   Motion for Leave to Appeal *in Forma Pauperis***

         Finally, Wilburn seeks to appeal (ECF 302) the court's prior denial of his emergency motion for bail *in forma pauperis* (ECF 289).  This motion is DENIED.  "Generally an application for leave to appeal *in forma pauperis* will have sufficient substance to warrant consideration only if . . . it identifies with reasonable particularity the claimed errors which will be the basis for the appeal."  *United States v. Farley*, 238 F.2d 575, 575 (2d Cir. 1956).  Further, if there is no "reasonable basis" for the claims of alleged error, "it is the duty of the trial judge, albeit not a pleasant duty, to certify that the appeal is not taken in good faith."  *Id.*  In Wilburn's motion, he does not identify the grounds for his appeal, beyond referring to Judge Dearie's order on custody as "cursor[y]." ECF 302.  This court sees no reasonable basis for appeal. Therefore the motion is DENIED.

   **P.   Further Filings**

         Finally, as this order reflects, Wilburn has throughout the pendency of this case filed a multitude of

motions, many of which seek the same relief without a sound
legal basis, and many of which seek to reconsider matters
already settled by the court multiple times over.  Therefore,
Wilburn is hereby put on notice that, should this practice
continue, the court will impose appropriate sanctions, including
possible sanctions to limit the scope of further frivolous
filings.  *See, e.g. United States v. Rucker*, 599 F. App'x 391,
393 (2d Cir. 2014); *United States v. Brennerman*, 17-CR-337, 2023
WL 4472168 (S.D.N.Y. July 11, 2023); *United States v.
McLaughlin*, 17-CR-129, 2019 WL 5538112 (D. Conn. Oct. 25, 2019);
*Klein v. United States*, 09-CV-10048, 2019 WL 316524 (S.D.N.Y.
Jan. 24, 2019); *United States v. Liounis*, 12-CR-350, 2018 WL
9662488 (E.D.N.Y. July 16, 2018).

   **Q.   Conclusion**

        For the foregoing reasons, the motion to unseal, ECF
239, is GRANTED as to documents at ECF 128 and 129, and the
motion to compel production of the Mary 17, 2023 transcript is
GRANTED.  The motions at ECF 262, 311, 318, 200 (to the extent
that it requests a *Franks* hearing), 305, 207, 218, 239 (as to
documents at ECF 225 and 226), 257, 263, 289, 303, 315, 317,
300, and 302 are DENIED.  Further, the government is directed to
advise the court regarding an inventory of seized items, in
response to ECF 200.  The government is additionally directed to
respond to Wilburn's motion at ECF 239 as to the transcript of

the November 30, 2022 status conferenced within fourteen days of the issuance of this order.  Standby counsel Mark DeMarco is directed to serve this order on previously appointed counsel, and Wilburn's former and standby counsel are directed to file under seal proposed redactions of all payment vouchers submitted in connection with this case.

SO ORDERED.


_/s/ Eric Komitee_____
ERIC KOMITEE
United States District Judge


Dated:     March 15, 2024
           Brooklyn, New York